IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Ultra Safe Nuclear Corporation, *et al.*,[1] | Case No. 24-12443 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 33 |
| | Hearing Date: Nov. 22, 2024 at 1:00 p.m. (ET) |
| | UST Obj. Deadline: Nov. 20, 2024 at 11:00 a.m. (ET) |

**UNITED STATES TRUSTEE'S RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF (A) AN ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS AND RELATED BID PROTECTIONS, (II) APPROVING FORM AND MANNER OF NOTICE, (III) SCHEDULING AUCTION AND SALE HEARING, (IV) AUTHORIZING PROCEDURES GOVERNING ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND UNEXPIRED LEASES, AND (V) GRANTING RELATED RELIEF; AND (B) AN ORDER (I) APPROVING PURCHASE AGREEMENTS, AND (II) AUTHORIZING A SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

Andrew R. Vara, the United States Trustee for Region Three (the "U.S. Trustee"), through his undersigned counsel, hereby files this Reservation of Rights (this "Reservation of Rights") in response to the *Debtors' Motion for Entry of (A) An Order (I) Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets and Related Bid Protections, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases, and (V) Granting Related Relief; and (B) An Order (I) Approving Purchase Agreements, and (II)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation – Technologies (9815); USNC-Power Ltd. (6500); and Global First Power Limited (7980). The Debtors' mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

*Authorizing a Sale Free and Clear of All Liens, Claims, and Other Interests* [D.I. 33] (the "<u>Bidding Procedures Motion</u>"),[2] and in support respectfully states:

## JURISDICTION AND STANDING

1. This Court has jurisdiction to hear and determine this Reservation of Rights pursuant to: (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court of the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. The duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. The U.S. Trustee has standing to be heard on this Reservation of Rights pursuant to 11 U.S.C. § 307. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

**A.      The Chapter 11 Cases**

4. On October 29, 2024 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>,"

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Motion.

2

or "Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court"), thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

5. The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. On November 13, 2024, pursuant to section 1102(a)(1) of the Bankruptcy Code, the U.S. Trustee appointed an official committee of unsecured creditors in the Chapter 11 Cases (the "Committee"). D.I. 71.

7. As of the date hereof, no trustee or examiner has been requested in the Chapter 11 Cases.

B. **The Bidding Procedures Motion and the Stalking Horse Agreement**

8. On October 30, 2024, the Debtors filed the Bidding Procedures Motion.

9. Attached to the Bidding Procedures Motion is a form of Stalking Horse Agreement reflecting the proposed terms of a sale of substantially all of the Debtors' assets to the proposed Stalking Horse Bidder.

10. Section 8.1(f)(ii) of the Stalking Horse Agreement provides in relevant part that "[t]he Parties intend that the Break-Up Fee shall be treated as a super priority administrative expense in the Bankruptcy Case, senior to all unsecured claims and other administrative expenses[.]" D.I. 33-2, Ex. B.

**RESERVATION OF RIGHTS**

11. The U.S. Trustee objects to the provision of the Stalking Horse Agreement affording superpriority administrative expense status to the Break-Up Fee.

12. Bid protections for a stalking horse bidder are not entitled to superpriority claim status. The Bankruptcy Code limits the availability of superpriority claim status to (a) entities

providing postpetition financing, and (b) adequate protection for diminution in value of a secured party's collateral. *See* 11 U.S.C. §§ 361(2), 364(c)(1) and 507(b).

13. Upon information and belief, the Committee, the Debtors and the Stalking Horse Bidder are currently negotiating a consensual resolution regarding, among other things, the proposed bid protections, which settlement would include striking the provision affording the Break-Up Fee superpriority administrative expense status.

14. Out of an abundance of caution, and given the proximity to the hearing on the Bidding Procedures Motion, the U.S. Trustee is filing this Reservation of Rights to preserve his rights to object to: (i) the superpriority administrative expense status of the Break-Up Fee, to the extent not removed; and (ii) any other material modification to the Bidding Procedures Motion and supporting documents, including without limitation any such modifications made pursuant to a settlement between the Debtors, the Committee and/or the Stalking Horse Bidder, if any.

15. The U.S. Trustee leaves the Debtors to their burden of proof and reserves any and all rights, remedies and obligations to, among other things: (i) complement, supplement, augment, alter and/or modify this Reservation of Rights; (ii) file any appropriate pleading; (iii) conduct any and all discovery as may be deemed necessary or as may be required; and (iv) assert such other grounds as may become apparent upon further factual discovery.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order: (i) denying the Bidding Procedures Motion to the extent it seeks approval of superpriority administrative expense status for any bid protections; and (ii) granting such other and further relief as the Court deems just and equitable.

Dated: November 20, 2024	Respectfully submitted,

        **ANDREW R. VARA**
        **UNITED STATES TRUSTEE**
        **REGIONS 3 AND 9**

By:	*/s/ Malcolm M. Bates*
        Malcolm M. Bates
        Trial Attorney
        United States Department of Justice
        Office of the United States Trustee
        J. Caleb Boggs Federal Building
        844 N. King Street, Room 2207, Lockbox 35
        Wilmington, DE 19801
        Telephone: (302) 573-6491
        Email:   Malcolm.M.Bates@usdoj.gov

**CERTIFICATE OF SERVICE**

      I, Malcolm M. Bates, hereby certify that on November 20, 2024, I caused to be served a copy of this Reservation of Rights by electronic service on the registered parties via the Court's CM/ECF system and courtesy copies were served via email on parties in interest.

Dated: November 20, 2024                  */s/ Malcolm M. Bates*
                                                                Malcolm M. Bates