**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Ultra Safe Nuclear Corporation, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-12443 (KBO)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 33** |

**ORDER (I) APPROVING BIDDING PROCEDURES IN CONNECTION
WITH SALE OF THE DEBTORS' ASSETS AND RELATED BID PROTECTIONS;
(II) APPROVING FORM AND MANNER OF NOTICE; (III) SCHEDULING AUCTION
AND SALE HEARING; (IV) AUTHORIZING PROCEDURES GOVERNING
ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND
<u>UNEXPIRED LEASES; AND (V) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion (the "**Motion**")[2] of the Debtors, for the entry of an order (this "**Order**"): (i) approving bidding procedures, substantially in the form attached as **Annex 1** hereto (the "**Bidding Procedures**"), to govern the marketing and sale of all or substantially all of the Debtors' assets (the "**Assets**"), and approving bid protections in connection therewith; (ii) authorizing the Debtors to schedule an auction to sell the Assets (the "**Auction**") and scheduling the hearing to approve a sale of the Assets (the "**Sale Hearing**"); (iii) approving the form and manner of notice of the proposed sale transactions, the Bidding Procedures, the Auction, the Sale Hearing, and related dates and deadlines; (iv) authorizing procedures governing the assumption and assignment of certain executory contracts and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation – Technologies (9815); USNC-Power Ltd. (6500); and Global First Power Limited (7980). The Debtors' mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Stalking Horse Agreement and the Motion, as applicable, and to the extent of any inconsistency in the defined terms, the Stalking Horse Agreement shall govern.

unexpired leases (the "**Assumed Contracts**") to the prevailing bidder(s) acquiring the Debtors' assets (each, a "**Successful Bidder**"); and (v) granting related relief, as more fully described in the Motion; and the Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND CONCLUDED THAT**:[3]

A. The statutory bases for the relief requested in the Motion are sections 105(a), 363, 365, 503, and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2002, 3007, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware.

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To

B.  Good and sufficient notice of the Motion was given and no further notice is required except as otherwise provided for herein. A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties.

C.  The Debtors have articulated good and sufficient reasons for the Court to grant the relief requested in the Motion regarding the sales process, including (a) the payment of the Bid Protections, if necessary, to the Stalking Horse Bidder in accordance with the Stalking Horse Agreement; (b) the scheduling of the Bid Deadline (as defined in the Bidding Procedures), the Auction, and the Sale Hearing with respect to the proposed sale of the Assets; (c) the establishment of procedures to fix the Proposed Cure Amounts (as defined below) to be paid pursuant to section 365 of the Bankruptcy Code in connection with the assumption, assignment, and/or transfer of the Assumed Contracts; and (d) approval and authorization to serve the Sale Notice.

D.  The Sale Notice (in substantially the form annexed hereto as <u>Annex 2</u>), is reasonably calculated to provide all interested parties with timely and proper notice of the Bidding Procedures, the Auction, the Sale Hearing, and the Sale and any and all objection deadlines related thereto.

E.  The Cure Notice (in substantially the form annexed hereto as <u>Annex 3</u>) is reasonably calculated to provide all non-Debtor counterparties (the "**Counterparties**") to the Debtors' executory contracts and unexpired leases (each, a "**Contract**" and, collectively, the "**Contracts**") with reasonable and proper notice of the potential assumption and assignment of their Contract and any cure amounts relating thereto, although the mere listing of any Contract

---

the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To

on the Cure Notice does not require or guarantee that such Contract will be assumed and assigned and all rights of the Debtors and Stalking Horse Bidder with respect to such Contracts are reserved (including, but not limited to, with respect to whether any Contract constitutes an executory contract and whether any Contract shall be an Assumed Contract under the Stalking Horse Agreement.

   F. The Stalking Horse Agreement was negotiated by the Debtors, their advisors, and the Stalking Horse Bidder in good faith and at arms-length.

   G. The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Assets.

   H. The Bid Protections, as approved by this Order, are fair and reasonable and provide a benefit to the Debtors' estates and stakeholders.

   I. If triggered in accordance with the terms of the Stalking Horse Agreement, payment of the Bid Protections, under this Order and upon the conditions set forth in the Stalking Horse Agreement and the Bidding Procedures, are (i) an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of sections 503(b) and 507(a) of the Bankruptcy Code; (ii) reasonably tailored to encourage, rather than hamper, bidding for the Assets by providing a baseline of value, increasing the likelihood of competitive bidding at the Auction, and facilitating participation of other potential bidders in the sale process, thereby increasing the likelihood that the Debtors will receive the best possible price and terms for the Assets subject to the Stalking Horse Agreement; (iii) of substantial benefit to the Debtors' estates and stakeholders; (iv) reasonable and appropriate; (v) a material inducement for, and conditions necessary to, ensure that the Stalking Horse Bidder will continue pursuit of the proposed

---

the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

4

agreement to purchase the Assets subject to the Stalking Horse Agreement; and (vi) reasonable in relation to the Stalking Horse Bidder's lost opportunities resulting from the time and money spent pursuing such transaction.

J.      The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors are authorized to enter into the Stalking Horse Agreement, subject to higher or otherwise better offers, in accordance with this Order.

### Bidding Procedures

3.      The Bidding Procedures, substantially in the form attached hereto as **Annex 1**, are hereby approved. The Debtors are authorized, but not directed, to take any and all actions necessary or appropriate to implement the Bidding Procedures.

4.      All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

### Notice Procedures

5.      The Sale Notice, substantially in the form attached hereto as Annex 2, is hereby approved and shall be served within three (3) business days of entry of this Order, upon the Notice Parties identified in the Motion. Service of the Sale Notice as described in the Motion shall be sufficient and proper notice of the Sale and sale process contemplated by this Order with respect to all known interested parties.

**Assignment Procedures**

6.   The Cure Notice, substantially in the form attached hereto as <u>Annex 3</u>, is hereby approved.  The Cure Notice shall identify the Contracts, including the Government Contracts, of the Debtors that may be assumed and assigned in connection with the sale of the Assets and provide the corresponding cure amounts that the Debtors believe must be paid to cure all defaults under each of the Contracts as contemplated by section 365 of the Bankruptcy Code (the "**Proposed Cure Amounts**").  No later than three (3) business days after entry of this Order, the Debtors shall serve the Cure Notice on all Counterparties.  If at any time after the issuance of the Cure Notice but prior to the Sale Hearing it is discovered that a Contract should have been listed on the Executory Contracts Schedule but was not (any such Contract, a "**Previously Omitted Contract**"), the Debtors shall, promptly following discovery thereof (but in no event later than two (2) business days following discovery thereof), file and serve a notice on the non-Debtor counterparty(ies) to such Previously Omitted Contract notifying such counterparties of the Debtors' intention to assume and assign such Previously Omitted Contract to the Successful Bidder, including the Proposed Cure Amounts relating thereto (the "**Previously Omitted Contract Notice**").

7.   For the avoidance of doubt, no Government Contract may be assumed and/or assigned without:  (i) the express written consent of the Government; (ii) the execution of a novation agreement applicable to the Government Contract; and (iii) the payment of all outstanding obligations and cure amounts arising under or related to such Government Contract.

**Objection Procedures**

8.   Notwithstanding anything to the contrary in the Motion, any objection to any aspect of the relief requested in the Motion must:  (i) be in writing and filed with this Court; (ii) comply with the Bankruptcy Rules; (iii) set forth the name of the objecting party, the nature

and amount of any claims or interests held or asserted against the Debtors' estates or properties, the basis for the objection, and the specific grounds therefor; and (iv) be served upon (so as to be received by) the following parties (collectively, the "<u>Objection Notice Parties</u>") by the applicable deadline established in this Order:

(a) [proposed] counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. (mnestor@ycst.com), Matthew B. Lunn, Esq. (mlunn@ycst.com), and Elizabeth S. Justison, Esq. (ejustison@ycst.com);

(b) the U.S. Trustee, 844 King Street, Room 2207, Wilmington, Delaware 19801, Attn: Malcolm M. Bates, Esq. (malcolm.m.bates@usdoj.gov);

(c) counsel to the DIP Lender and Prepetition First Lien Lender, (a) Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, New York 10019-6022, Attn: Robert M. Hirsh, Esq. (robert.hirsh@nortonrosefulbright.com) and Francisco Vazquez, Esq. (francisco.vazquez@nortonrosefulbright.com), and (b) Morris James LLP, 500 Delaware Ave., Suite 1500, Wilmington, Delaware 19801, Attn: Eric J. Monzo, Esq. (emonzo@morrisjames.com);

(d) counsel to the Prepetition Secured Noteholder; Greenberg Traurig, One Vanderbilt Avenue, New York, New York 10017, Attn: Nathan A. Haynes, Esq. (haynesn@gtlaw.com); and

(e) proposed counsel to the official committee of unsecured creditors, (a) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004, Attn: Robert J. Gayda, Esq. (gayda@sewkis.com) and Catherine V. LoTempio, Esq. (lotempio@sewkis.com), and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801, Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com) and Jeremy W. Ryan, Esq. (jryan@potteranderson.com).

9. Objections, other than the objections served pursuant to Paragraph 10, below, if any, to the relief requested in the Motion shall be considered at the Sale Hearing, other than objections expressly described in paragraphs 11 or 12 of this Order, and must be served upon (such as to be received by) the Objection Notice Parties, **on or before 4:00 p.m. (prevailing Eastern Time) on December 11, 2024 (the "Sale Objection Deadline")**; *provided,* that objections, if any, to material modifications to the form of Sale Order with a Successful Bidder

and to the form of asset purchase agreement with a Successful Bidder other than the Stalking Horse Bidder, must be made by the Buyer Specific Objection Deadline (defined below).  For the avoidance of doubt, objections to the form of Sale Order attached as Exhibit B to the Stalking Horse Agreement and/or to the Stalking Horse Agreement must be made by the Sale Objection Deadline.

10. Each Counterparty shall have until 4:00 p.m. (prevailing Eastern time) on the date that is fourteen (14) days after the filing and service by the Debtors to the Counterparty of the Cure Notice or the Previously Omitted Contract Notice (as applicable) (the "**Contract Objection Deadline**") to object to the assumption and assignment of its Contract on any grounds, including, without limitation, the amount of the Proposed Cure Amounts, but excluding any objection as to adequate assurance of future performance under section 365(b)(1) of the Bankruptcy Code or, other than the Stalking Horse Bidder, on the basis of the identity of the Successful Bidder.  Any unresolved objections shall be heard at the Sale Hearing, unless otherwise agreed by the parties; provided that the Debtors shall have the right to adjourn any Sale Hearing without the consent of any objecting party.

11. Each Counterparty may raise objections as to adequate assurance of future performance or on the basis of the identity of the Successful Bidder until 4:00 p.m. (prevailing Eastern time) on the date that is five (5) days after the filing and service by the Debtors to the Counterparty of a notice identifying the applicable Successful Bidder, which, for the avoidance of doubt, may be provided with the Cure Notice or the Previously Omitted Contract Notice or at any time thereafter with respect to the Stalking Horse Bidder; *provided*, *however*, that objections, if any, on the basis of the identity of the Successful Bidder or adequate assurance of future performance by the Successful Bidder, to the extent that the Successful Bidder is not the Stalking

8

Horse Bidder, shall not, in any event, be raised later than one (1) hour prior to the commencement of the Sale Hearing (the "**Buyer Specific Objection Deadline**").  Any such objection must be filed and served on the Debtors and their counsel, any statutory committee appointed in these chapter 11 cases and its proposed counsel, and the applicable Successful Bidder or Stalking Horse Bidder, as applicable, and its counsel, so as to be actually received by the Buyer Specific Objection Deadline.  Any such unresolved objections shall be heard at the Sale Hearing, unless otherwise agreed by the parties.

12. Unless the Counterparty to any Contract timely files an objection to its Cure Amount or to the assumption and assignment of its Contract and timely serves a copy of such objection in accordance with this Order, such Counterparty shall forever be barred and estopped from objecting (a) to the Cure Amount as the amount to cure all defaults to satisfy section 365 of the Bankruptcy Code and from asserting that any additional amounts are due or defaults exist; (b) that any conditions to assumption and assignment must be satisfied under such Contract before it can be assumed and assigned or that any required consent to assignment has not been given; or (c) that the Successful Bidder has not provided adequate assurance of future performance as contemplated by section 365 of the Bankruptcy Code.  For the avoidance of doubt, Counterparties may seek Cure Amounts with respect to defaults that occur between the deadline to object to Proposed Cure Amounts and the assumption of the underlying Contract, if any.

13. The inclusion of a Contract, including a Government Contract, or other agreement on the Cure Notice shall not constitute or be deemed a determination or admission by the Debtors and their estates or any other party in interest that such Contract or other agreement is, in

9

fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights of the Debtors and their estates with respect thereto are hereby reserved.

14. If a Counterparty does not timely object to: (a) the Proposed Cure Amount for its Contracts; (b) the ability of the Successful Bidders(s) (including the Stalking Horse Bidder or such other Successful Bidders(s)) to provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code; or (c) any other matter pertaining to assumption or assignment, then the Proposed Cure Amounts owed to such Counterparty shall be paid as soon as reasonably practicable after the effective date of the assumption and assignment of such Assumed Contract or as the Counterparty and Successful Bidder may otherwise agree.

15. In the event of a timely filed objection by a Counterparty regarding any Cure Amount with respect to any of the Contracts, the Cure Amounts owed to such Counterparty shall be paid as soon as reasonably practicable after the later of (i) the effective date of the assumption and assignment of such Assumed Contract, and (ii) the entry of a final order that resolves the dispute and approves the assumption and assignment of such Assumed Contract.

**Auction and Sale Hearing**

16. The Debtors shall file a notice identifying all Qualified Bidders (the "Qualified Bid Notice") within twenty-four (24) hours after the Debtors determine which Bids (if any) are Qualified Bids. The Debtors shall serve the Qualified Bid Notice on all parties that have requested notice pursuant to Bankruptcy Rule 2002.

17. The Debtors are authorized to conduct the Auction as set forth in the Bidding Procedures.

18. The Debtors are authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

19. Each bidder participating at the Auction shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

20. No entity, other than the Stalking Horse Bidder, shall be entitled to any expense reimbursement, break-up fee, "topping," termination, contribution, or other similar fee or payment.

21. **The Bid Deadline is December 9, 2024 at 4:00 p.m. (Prevailing Eastern Time). The Auction shall commence on December 12, 2024 at 10:00 a.m. (Prevailing Eastern Time). The Sale Hearing will be conducted on December 18, 2024 at 3:00 p.m. (Prevailing Eastern Time)**. The Debtors may seek the entry of an order of this Court at the Sale Hearing approving and authorizing the Sale to the Stalking Horse Bidder or, if there is an Auction, the highest or otherwise best offer(s) at the Auction, as applicable, on terms and conditions consistent with the applicable purchase agreement. The Sale Hearing may be adjourned or rescheduled without notice other than a notice or hearing agenda filed with the Court or by an announcement of the adjourned date at the Sale Hearing.

22. The Debtors shall file a notice identifying the Successful Bidder and the material terms of the Successful Bidder's bid within twenty-four (24) hours of the conclusion of the Auction, if any.

### Approval of Bid Protections

23. The Break-Up Fee is approved in the amount of $840,000 and the Expense Reimbursement is approved in the amount of $300,000. The Break-Up Fee and Expense Reimbursement shall be paid pursuant to the terms of the Stalking Horse Agreement.

24. The obligation of the Debtors to pay the Bid Protections: (i) shall be entitled to administrative expense status under sections 503(b) and 507(a)(2) of the Bankruptcy Code; *provided further* that the Bid Protections shall be payable directly out of the proceeds of, and as a

precondition to an Alternative Transaction (as defined in the Stalking Horse Agreement); (ii) shall survive the termination of the Stalking Horse Agreement; and (iii) shall be payable in accordance with the terms set forth in the Stalking Horse Agreement, as modified herein.

25. The Debtors' obligations under this Order, the provisions of this Order and the portions of the Stalking Horse Agreement pertaining to the Bidding Procedures, including Bid Protections, shall survive conversion of these chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code, confirmation of any plan of reorganization or liquidation, or discharge of claims thereunder and shall be binding upon the Debtors, any Chapter 7 trustee, the reorganized or reconstituted debtors, as the case may be, after the effective date of a confirmed plan or plans in the Debtors' cases (including any order entered after any conversion of the cases of the Debtors to cases under Chapter 7 of the Bankruptcy Code).

**Miscellaneous Provisions**

26. Subject to section 363(k) of the Bankruptcy Code, the rights of the DIP Lender to credit bid with respect to any assets on which they hold liens are expressly reserved; *provided* that in the event of a credit bid, such credit bid shall contain a cash component sufficient to pay any Break-Up Fee and Expense Reimbursement actually required to be paid by the Debtors with respect to the assets subject to such credit bid, which cash component shall be used solely to pay such Bid Protections subject to the terms provided in the Stalking Horse Agreement related to such Assets.

27. UT Battelle, LLC timely raised an informal objection to the Motion, which is resolved as follows. Entry of this Order is without prejudice to the rights of UT-Battelle, LLC to renew its objection to the Sale, the potential assumption and assignment of license agreements with UT-Battelle, LLC, and/or approval of the Stalking Horse Agreement, including section 2.2(e) thereof.

28. Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice or otherwise deemed waived.

29. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

30. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

31. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

32. Attached hereto as **Schedule A** is a summary of the key dates established by this Order.

33. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 21st, 2024
Wilmington, Delaware

**KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE**