IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Ultra Safe Nuclear Corporation, *et al.*,[1] | Case No. 24-12443 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 152 |

## OBJECTION OF HATCH ASSOCIATES CONSULTANTS, INC. TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS IN CONNECTION WITH SALE

Hatch Associates Consultants, Inc. ("Hatch"), by its undersigned attorneys, hereby files its Objection to the Proposed Cure Amount in Debtors' Notice of Possible Assumption and Assignment of Certain Executory Contracts in Connection with Sale ("Objection"). In support of its Objection, Hatch states as follows:

### BACKGROUND

1. Debtor USNC-Power Ltd. and Hatch entered into a Master Services Agreement dated March 24, 2022, (the "Master Services Agreement"). Under the Master Services Agreement, Hatch provided, *inter alia*, professional services for the Debtors relating to design, et al., for the nuclear industry.

2. On October 29, 2024 (the "Petition Date"), each of the Debtors commenced a voluntary case under Chapter 11 of the U.S. Bankruptcy Code in this Court. Upon information and belief, the Debtors continue to manage their operations and financial affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation -Technologies (9815); USNC-Power LTD. (6500); and Global First Power Limited (7980). The Debtors' mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

{C1340674.1}

3.      On or about November 26, 2024, Debtors filed their Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale ("Cure Notice") [D.I. 152] in which the Debtors provided details concerning their ongoing sale process and, most pertinently herein, provided a list of potential contracts that the Debtors may assume pursuant to the sale process and assign to the ultimately successful bidder in the sale of its assets.

## OBJECTION

4.      Hatch's Master Services Agreement with the Debtors is listed as a potential contract to be assumed and assigned in Exhibit A to the Notice at Item No. 173. The proposed cure amount listed in the Notice is $2,127,720.51.

| Contract ID | Case No. | Debtor | Contract Counterparty | Description | Cure Amount |
|---|---|---|---|---|---|
| 173 | 24-12445 | USNC-Power Ltd. | Hatch Ltd. | Master Services Agreement dated March 24, 2022 | $2,127,720.51 |

5.      Hatch objects to this proposed cure amount and submits that the actual cure amount under the Master Services Agreement[2] is $3,463,834. As of the Petition Date, the Debtors owed Hatch a total of $3,463,834 (the "Actual Cure Amount") based on unpaid amounts for prepetition services provided by Hatch to the Debtors. Descriptions of the fees underlying the Actual Cure Amount are attached hereto as "Exhibit 1".

6.      Under the circumstances, Hatch objects to the proposed cure amount in the Cure Notice and any proposed assumption and assignment of the Master Services Agreement at this stage of the proceedings. Hatch objects to the proposed cure amount as insufficient to cure the

---

[2] Hatch believes that the Debtors have a copy of the Master Services Agreement and all supporting documentation, however, Hatch can provide copies of the same upon request.

{C1340674.1}                                              2

defaults under the Master Services Agreement. Further, Hatch objects to any proposed assumption and/or assignment of the Master Services Agreement unless the Actual Cure Amount, as evidenced by the supporting documentation attached hereto as Exhibit 1, is paid in full, on or before the date the Master Services Agreement is assumed and/or assigned. Section 365(b) of the Bankruptcy Code requires that a debtor cure all defaults in conjunction with executory contract assumption. Accordingly, any order approving the assumption and/or assignment of the Master Services Agreement must provide that, in addition to payment of the Actual Cure Amount, the Debtors shall be liable for all additional unpaid charges incurred under the Master Services Agreement through the effective date of assumption as a condition to assuming the Master Services Agreement.

## **RESERVATION OF RIGHTS**

7.      Hatch reserves all of its rights to amend and/or supplement this Objection and Actual Cure Amount and to file additional objections to any proposed assumption and assignment of its contracts in this case, including objections to adequate assurance of future performance.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, for the foregoing reasons, Hatch Associates Consultants, Inc. hereby objects to the proposed cure amount of its Master Services Agreement listed in the Cure Notice filed by the Debtors in this case relating to its proposed sale of assets.

Date:   December 10, 2024

Respectfully submitted,

**CAMPBELL & LEVINE, LLC**

<u>*/s/ Katherine L. Hemming*</u>
Katherine L. Hemming (DE No. 5496)
222 Delaware Ave, Suite 1620
Wilmington, DE 19801
(302) 426-1900
khemming@camlev.com

-and-

Samuel R. Grego
Paul A. Roman, Jr.
**DICKIE, McCAMEY & CHILCOTE, P.C**.
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
Phone: (412) 392-5507
Fax: (888) 811-7144
sgrego@dmclaw.com
proman@dmclaw.com

*Counsel for Hatch Associates Consultants, Inc.*