**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Ultra Safe Nuclear Corporation, *et al.*,[1] | Case No. 24-12443 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 152** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF HYUNDAI ENGINEERING CO., LTD. TO DEBTORS' NOTICE
OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS OR UNEXPIRED LEASES AND CURE AMOUNT**

Hyundai Engineering Co., Ltd. ("**Hyundai**"), by and through its undersigned counsel, submits this limited objection and reservation of rights (this "**Objection**") in response to the Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale dated November 26, 2024 [D.I. 152] (the "**Cure Notice**") filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"). In support of this Objection, Hyundai states as follows.

**BACKGROUND**

1. On October 29, 2024 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation – Technologies (9815); USNC-Power Ltd. (6500); and Global First Power Limited (7980). The Debtors' mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

2. Prior to the Petition Date, Hyundai and Debtor USNC-Power Ltd. ("**USNC-Power**") entered into that certain Subcontract Agreement for Engineering Services, dated as of June 3, 2022 (the "**Agreement**"),[2] pursuant to which Hyundai provided, among other things, engineering services to USNC-Power in connection with the construction of an Ultra Safe Nuclear Corporation Micro Modular Reactor in Chalk River, Canada (the "**Project**").

3. On November 26, 2024, the Debtors filed the Cure Notice. Appended to the Cure Notice is "Debtors - Proposed Schedule of Contracts Subject to Assumption and Assignment and Cure Amounts" (the "**Potential Assumed Contracts Schedule**"), which provides a list of the Debtors' executory contracts, together with the amounts the Debtors believe must be paid to the applicable contract counterparties as a condition to assumption and assignment under section 365 of the Bankruptcy Code. In the Potential Assumed Contracts Schedule, the Debtors identify (at item number 174), the obligations owing by USNC-Power to Hyundai pursuant to the Agreement and designate it with a cure amount of $1,723,792.08 (the "**Proposed Cure Amount**").

4. The Cure Notice, however, underestimates the amounts owed to Hyundai pursuant to the Agreement. Hyundai identifies the current amounts currently due and owing to it by the Debtors as:

---

[2] The Agreement, the individual invoices and other records which more particularly evidence the Debtors' indebtedness to Hyundai are voluminous, may contain proprietary information and terms, and are subject to confidentiality restrictions. Accordingly, copies of such documents do not accompany this Objection. The Agreement and any additional documents and information related to this Objection would be made available by Hyundai to appropriate persons upon reasonable request, and with appropriate non-disclosure protections in place.

| Item | Amount | Note |
|:---:|:---:|:---:|
| Progress Payment | $2,007,262 | Balance |
| Invoice-005/006 | $1,807,418 | |
| Interest (Payment Delay) | $199,844 | |
| Cost Claim | $5,986,187 | |
| Incurred Cost - Change Request | $138,430 | |
| Incurred Cost - Low Productivity | $2,767,584 | |
| Suspension Cost - Idle Time Cost | $2,708,504 | |
| Interest (Payment Delay) | $371,669 | |
| Total | $15,986,898 | |

5. Accordingly, as of the Petition Date, the amount that USNC-Power owes to Hyundai under the Agreement is no less than $15,986,898 (the "**Actual Cure Amount**").[3]

---

[3] In accordance with Section 7.7 of the Agreement, Hyundai has calculated interest at "two (2) percent above the prime rate as reported by Federal Reserve Bank of New York . . . not to exceed 8% per annum, as of the date such payment was due and payable." Because the prime rate has been above 6% for 2023 and 2024, this rate is capped at 8%, although interest continues to accrue.

**LIMITED OBJECTION**

6.  Hyundai objects to the Debtors' Proposed Cure Amount related to the Agreement as it does not reflect the Actual Cure Amount—namely, the amount currently due and owing to Hyundai, or which may become due to Hyundai, or which may remain unpaid, as of the effective date of any assumption, or assumption and assignment of the Agreement. Additionally, because Hyundai is unable to evaluate whether the "Stalking Horse Bidder" or any other "Successful Bidder" (each as defined in the Cure Notice) can provide Hyundai with adequate assurance that such bidder can cure any and all defaults and provide future performance, Hyundai reserves its right to amend this Objection related to such party's ability to cure any default or provide adequate assurance of future performance.

**ARGUMENT**

7.  To assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must include all of the conditions, liabilities and obligations, as well as the benefits, of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) (indicating that a debtor is required to assume a contract "*cum onere*"); *Kimmelman v. The Port Authority of New York and New Jersey (In re Kiwi Int'l Air Lines, Inc.)*, 344 F.3d 311, 318 (3d Cir. 2003) (holding the non-debtor party to an executory contract must be given the full benefit of its bargain and made whole before assumption of the contract can be permitted); *In re Gardinier, Inc.*, 831 F.2d 974, 975 (11th Cir. 1987) (finding "a bankruptcy trustee cannot accept the benefits of an executory contract without also assuming its burdens").

8.  Hyundai objects to any assumption, or assumption and assignment, of the Agreement unless and until each of the requirements of section 365(b)(1) of the Bankruptcy Code have been satisfied as of the effective date of such assumption, or assumption and assignment. Accordingly, the proper calculation of the Actual Cure Amount must include all liabilities and obligations that have arisen or accrued under the Agreement after the Petition Date as well as prior to or as of the Petition Date.  *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee—cures, or provides adequate assurance that the trustee will promptly cure, such default. . . .") (emphasis added). Moreover, the proper calculation of the Actual Cure Amount must be calculated through and including the date upon which the Agreement is assumed by the Debtors and assigned to the Stalking Horse Bidder or any other Successful Bidder.  Finally, Hyundai additionally reserves the right to object to an assumption and assignment of the Agreement on the basis of adequate assurance of future performance by any Stalking Horse Bidder or any other Successful Bidder which may be proposed as the assignee of the Agreement.

## **RESERVATION OF RIGHTS**

9.  Hyundai reserves the right to update, supplement or modify this Objection as may be necessary or appropriate, and to submit additional documents or evidence in support hereof. Hyundai additionally reserves the right later to object to an assumption and assignment of the Agreement on the basis of adequate assurance of future performance by any Successful Bidder which may be proposed as the assignee of the Agreement.[4]  Nothing herein shall be deemed to

---

[4] In addition, prior to the Petition Date, Hyundai and USNC-Power entered into that certain Business Cooperation Agreement, dated as of January 10, 2022 (the "**Business Cooperation Agreement**"). Although the Business Cooperation Agreement is not identified on the Potential

waive any of Hyundai's procedural, substantive or other rights, privileges or remedies in connection with the Agreement, all of which are hereby expressly reserved.

WHEREFORE, for the reasons set forth above, Hyundai respectfully requests that the Court enter an order:

(i) sustaining this Objection;

(ii) conditioning the Debtors' assumption, or assumption and assignment of the Agreement upon (a) the Debtors' payment of all outstanding amounts due and owing to Hyundai as of the date of any such assumption and assignment, and (b) the Debtors' compliance with all other requirements for such assumption and assignment, including but not limited to the provision of adequate assurance of future performance; and

(iii) granting such other and further relief to Hyundai as is just and proper.

| | |
|---|---|
| Dated: December 10, 2024<br>Wilmington, Delaware | **LEWIS BRISBOIS BISGAARD &<br>SMITH LLP**<br><br>*/s/ Scott D. Cousins*<br>Scott D. Cousins (No. 3079)<br>500 Delaware Avenue<br>Suite 700<br>Wilmington, Delaware 19801<br>(302) 985-6000<br>scott.cousins@lewisbrisbois.com<br><br>*Attorneys for Hyundai Engineering Co., Ltd.* |

---

Assumed Contracts Schedule, Hyundai reserves its right to object to the possible assumption and assignment of this contract, including, without limitation, the "Exclusivity Undertakings" set forth in Section 3 thereof.