UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) <br> ) <br> Ultra Safe Nuclear Corporation, et al.[1], ) <br> ) Chapter 11 <br> ) Case No. 24-12443-KBO <br> Debtors. ) (Jointly Administered) <br> _____ ) <br> ) <br> Standard Nuclear, Inc. ) <br> ) <br> Plaintiff, ) <br> v. ) Adversary Proceeding <br> ) No. <br> Ultra Safe Nuclear Corporation; Ultra Safe ) <br> Nuclear Corporation -Technologies; and ) <br> USNC Holdings, LLC ) <br> ) <br> Defendants. ) <br> _____ ) | |

**COMPLAINT WITH PRAYERS FOR INJUNCTIVE RELIEF**

For its Complaint in this action, the Plaintiff, Standard Nuclear, Inc., states the following:

**Introduction**

1.      The Debtors, Ultra Safe Nuclear Corporation, Ultra Safe Nuclear Corporation – Technologies and USNC Holdings, LLC (collectively the "Debtors"), entered into an asset purchase agreement with Standard Nuclear, Inc. for the sale of certain assets, known colloquially by the parties as the "Fuel Assets" [See APA at Dkt No[2]. 140] (the "APA"). As provided by the terms of the APA, the Debtors sought the entry of an order establishing certain bidding procedures. The Court entered the bidding procedures order on November 21, 2024 [Dkt No. 141] (the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are: Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation Technologies (9815); USNC-Power Ltd. (6500); and Global First Power Limited (7980).
[2] Docket references are to the docket in the main proceeding.

4929-4088-7558 v.2

"Bidding Procedures Order"). The Bidding Procedures Order established Monday, December 9, 2024 at 4:00 pm as the deadline for submitting bids and, in the event qualifying bids were received, an auction date of December 12, 2024. The Debtors received no qualifying bids by the bid deadline. The Bidding Procedures Order provides that within 24 hours of finding that a bid or bids were qualified the Debtor would provide notice to all parties. Bidding Procedures Order at ¶ 16, p. 10. The Debtor did not provide any notice. On the afternoon of Wednesday, December 11, 2024, at 2:21 p.m. the Debtor's investment banker contacted Standard Nuclear's principal, Thomas Hendrix, to ask if Standard Nuclear was interested in reducing the assets it was purchasing and lowering its bid price so that another potential bidder could purchase those assets. Mr. Hendrix expressed confusion at the approach and the banker reassured him that Standard Nuclear was the only bidder and he also did not see any reason for Standard Nuclear to accede to such a request. **Following that call, at 4:57 pm, Wednesday, December 11, 2024, counsel to the Debtors, wrote to Standard Nuclear to advise that "Confirmed that there will be no auction for the assets that are the subject of Standard Nuclear's purchase agreement."** In reliance on this statement, Standard Nuclear advised its limited partners and financial backers that there would be no auction and no need for them to confer or participate. At 8:00 p.m. counsel wrote to further advise that "[a]s a result of Standard not agreeing to release certain of the assets currently included as part the stalking horse bid to the other bidder as Intrepid requested earlier, that bidder is now likely to supplement / modify its bid to include the fuel business." As of 10:22 p.m., the Debtors had still received no qualified bids. The Debtors agreed to sell certain assets to Standard Nuclear subject to the approval of the Court and terms of the bidding procedures established by the Court. The Debtors then sought to compel Standard Nuclear to delete certain assets from the agreement so that they could be sold for an amount that would exceed any diminishment of the Standard

Nuclear purchase price. When Standard Nuclear failed to do so, the Debtors, having provided an unequivocal statement that there would be no auction and having otherwise ignored the mandate that they provide notice of other qualified bids, instead purported to withdraw their prior statement that there would be no auction and advise that prior to 10:00 am on Thursday, December 12 would be the time at which they would determine if there were any other qualified bids.  The Debtors actions have substantially prejudiced Standard Nuclear, are inconsistent with the terms of the Court's Bidding Procedures Order and in direct contravention of the Debtors obligation to act fairly and in good faith. Standard Nuclear asks that the Court enjoin the conduct of the auction as presently scheduled.

## Parties

2. The Plaintiff, Standard Nuclear, Inc. ("Standard Nuclear") is a Delaware corporation, with a usual place of business at New York, New York.

3. The Defendant Ultra Safe Nuclear Corporation ("USNC") is a Delaware corporation with a usual place of business at Oak Ridge, Tennessee.

4. The Defendant Ultra Safe Nuclear Corporation -Technologies ("Technologies") is a Washington corporation with a usual place of business at Oak Ridge, Tennessee.

5. The Defendant USNC Holdings, LLC ("Holdings" and with USNC and Technologies, the "Debtors") is a Washington limited liability company with a usual place of business at Oak Ridge, Tennessee.

## Jurisdiction and Venue

6. The Court has jurisdiction over this action in accordance with 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 11 USC § 157(b)(2).

7. Venue is proper in this district in accordance with 28 U.S.C. §§ 1408 and 1409.

**Facts**

8. The Debtors entered into an asset purchase agreement with Standard Nuclear for the sale of certain assets, known colloquially by the parties as the "Fuel Assets" [See APA at Dkt No. 140] (the "APA"). As provided by the terms of the APA, the Debtors sought the entry of an order establishing certain bidding procedures.

9. The Bidding Procedures Order and its terms were incorporated into the APA and the Debtors agreed to abide by the terms of the Bidding Procedures Order by entering into the APA. Section 8.3 of the APA provides that "Seller agrees to comply (and to cause its representatives to comply) with each of the terms, conditions and provisions of the Bidding Procedures Order." APA (Dkt. No. 140), § 8.3, p. 24 (p. 28 of 129).

10. The Court entered the Bidding Procedures Order on November 21, 2024. The Bidding Procedures Order established Monday, December 9, 2024 at 4:00 pm as the deadline for submitting bids and, in the event qualifying bids were received an auction date of December 12, 2024. The Debtors received no qualifying bids by the bid deadline.

11. The Bidding Procedures Order provides that the Debtors shall file a notice identifying all Qualified Bidders within 24 hours after the Debtors determine which Bids, if any, are qualified. Bidding Procedures Order at ¶ 16, p. 10. The Debtors have not provided any such notice.

12. On the afternoon of Wednesday, December 11, 2024, the Debtor's investment banker contacted Standard Nuclear's principal, Thomas Hendrix, to ask if Standard Nuclear was interested in reducing the assets it was purchasing and lowering its bid price so that another potential bidder could purchase those assets. Mr. Hendrix expressed confusion at the approach and the banker reassured him that Standard Nuclear was the only bidder and he also did not see

any reason for Standard Nuclear to accede to such a request. Following that call, at 4:57 pm, Wednesday, December 11, 2024, counsel to the Debtors, wrote to Standard Nuclear to advise that "**Confirmed that there will be no auction for the assets that are the subject of Standard Nuclear's purchase agreement**." A copy of this message is appended hereto as Exhibit A.

13. In reliance on this statement, Standard Nuclear advised its limited partners and financial backers that there would be no auction and no need for them to confer or participate.

14. At 8:00 p.m. Wednesday, December 11, 2024, counsel wrote to further advise that "[a]s a result of Standard not agreeing to release certain of the assets currently included as part the stalking horse bid to the other bidder as Intrepid requested earlier, that bidder is now likely to supplement/modify its bid to include the fuel business." As of 10:22 p.m., Wednesday, December 11, 2024, the Debtors had still received no qualified bids. A copy of these messages are appended hereto as Exhibit B.

15. The Debtors have advised Standard Nuclear that they will identify qualified bids, if any, at 10:00 am on December 12, 2024, the time at which the previously scheduled auction was to commence. The Debtors have stated their intent to proceed with the auction if qualified bids are received. A copy of this message is appended hereto as Exhibit C.

16. The Debtors actions, as set forth above, are in contravention of the terms of the Bidding Procedures Order.

17. Standard Nuclear reasonably relied upon the Debtors statements that no auction would take place.

18. The Debtors actions, as set forth above, have prevented Standard Nuclear from a meaningful opportunity to participate in the auction, and are in contravention of the APA and Bidding Procedures Order.

## Count One
## (Breach of Contract)

19. The Plaintiff incorporates by reference and realleges paragraphs 1 through 18 above.

20. The Debtors and Standard Nuclear entered into a contract for the sale of the Fuel Assets.

21. The Debtors have breached the contract by failing to abide by the terms of the Bidding Procedures Order.

## Count Two
## (Breach of Duty of Good Faith and Fair Dealing)

22. The Plaintiff incorporates by reference and realleges paragraphs 1 through 21 above.

23. In entering into the APA, the Debtors undertook a duty to act consistent with the covenant of good faith and fair dealing.

24. The Debtors have breached the covenant of good faith and fair dealing through their actions as set forth above.

## Count Three
## (Contempt for Willful Violation of Bidding Procedures Order)

25. The Plaintiff incorporates by reference and realleges paragraphs 1 through 24 above.

26. The Court entered the Bidding Procedures Order.

27. The Debtors are obligated to comply with the terms of the Bidding Procedures Order.

28. By their conduct as set forth above, the Debtors have willfully violated the terms of the Bidding Procedures Order.

### Count Four
### (Request for Injunctive Relief)

29. The Plaintiff incorporates by reference and realleges paragraphs 1 through 28 above.

30. The Debtors have not designated any Qualifying Bids or provided notice of same.

31. The Debtors advised Standard Nuclear that there would be no auction as of 4:57 pm on Wednesday, December 11, 2024, and Standard Nuclear reasonably relied upon that communication.

32. Absent an injunction enjoining and restraining the Debtors from continuing to fail to abide by the terms of the Bidding Procedures Order and conducting an auction they previously advised was cancelled, Standard Nuclear will be irreparably harmed.

### Prayers For Relief

Wherefore, the Plaintiff prays that the Court enter judgment as follows:

1. On Count One, that the Court determine the damages suffered by the Plaintiff and that the Court enter judgment against the Defendant in that amount, plus interest and costs;

2. On Count Two, that the Court determine the damages suffered by the Plaintiff and that the Court enter judgment against the Defendant in that amount, plus interest and costs;

3. On Count Three, that the Court enter an award of civil damages in favor of the Plaintiff for violation of the Bidding Procedures Order and award the Plaintiff its costs and attorneys' fees in pursuing this action;

4. On Count Four, that

A. the Court temporarily enjoin and restrain Debtors from conducting any auction of the assets that are the subject of the Asset Purchase Agreement between the Debtors and Standard Nuclear;

B. that the Court enter the relief prayed for above as a preliminary injunction pending the entry of any final order resolving this action; and

C. the Court enter the relief prayed for above as a final and permanent injunction.

5. That the Court grant such other and further relief as is just.

Date: December 12, 2024  
Wilmington, DE

**Nelson Mullins Riley & Scarborough LLP**

_/s/ Peter J. Haley_  
Peter J. Haley, *pro hac vice*  
One Financial Center, Suite 3500  
Boston, Massachusetts 02111  
Tel: (617) 217-4714  
Fax: (617) 217-4710  
email: peter.haley@nelsonmullins.com

**SULLIVAN · HAZELTINE · ALLINSON LLC**

_/s/ William D. Sullivan_  
William D. Sullivan (No. 2820)  
919 North Market Street, Suite 420  
Wilmington, DE 19801  
Tel: (302) 428-8191  
Fax: (302) 428-8195  
Email: bsullivan@sha-llc.com

*Attorneys for Standard Nuclear, Inc.*