IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ULTRA SAFE NUCLEAR CORPORATION, | Case No. 24-12443-KBO |
| Debtor. | |

**LIMITED OBJECTION OF UT-BATTELLE, LLC TO DEBTORS' MOTION FOR ORDER APPROVING PURCHASE AGREMENTS AND AUTHORIZING A SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

UT-Battelle, LLC ("UT Battelle"), files this limited objection to the *Debtors' Motion for Entry of (A) An Order (I) Approving Bidding Procedures in Connection with the Sale of the Debtors' Assets and Related Bid Protections, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contract and Unexpired Leases, and (V) Granting Related Relief; and (B) An Order (I) Approving Purchase Agreements, and (II) Authorizing a Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interest* ("Sale Motion", ECF No. 33) by Ultra Safe Nuclear Corporation, Ultra Safe Nuclear Corporation – Technologies, USNC-Power Ltd., and Global First Power Ltd. (collectively, the "Debtors"). Insofar as UT-Battelle is concerned, the Sale Motion relates to certain patent license agreements ("License Agreements") between UT-Battelle (as licensor) and Debtor USNC (as licensee).

In support hereof, UT-Battelle respectfully states as follows:

1

**ARGUMENT**

1. UT-Battelle incorporates by reference its background, objections, and arguments in its *Limited Objection of UT-Battelle Regarding Notice of Proposed Assumption and Assignment of Certain Executory Contracts* ("Objection to Assumption/Assignment Notice") (ECF No. 208) which apply equally to this objection of the Sale Motion.

2. UT-Battelle further objects to the Sale Motion insofar as the asset purchase agreement entered into by Debtors and Standard Nuclear, Inc. ("Stalking Horse Agreement") purports to obligate Debtors, in the event that a contract designated for assignment to Standard Nuclear proves unassignable, "to provide [Standard Nuclear] with all of the benefits of, or under, the applicable Designated Contract or applicable Permit . . . ." (ECF No. 140, § 2.2(e).)

3. As discussed in the Objection to Assumption/Assignment Notice, the License Agreements have automatically terminated prepetition and are thus unassignable. And even if the License Agreements have not automatically terminated prepetition, the License Agreements are nevertheless unassignable for the reasons discussed in the Objection to Assumption/Assignment Notice.

4. Accordingly, in an abundance of caution, UT-Battelle objects to the Sale to foreclose any opportunity for Debtors and Standard Nuclear—or the ultimate assignee—to circumvent the unassignability of the License Agreements by, for example, trying to use Section 2.2(e) of the Stalking Horse Agreement as an "end run" to provide benefits to Standard Nuclear (or the ultimate assignee) without assignment of the License Agreements.

## CONCLUSION & REQUESTED RELIEF

5. For the foregoing reasons, UT-Battelle respectfully requests that the Court deny the Sale Motion unless the order approving the Sale Motion confirms that the Debtors may not try to provide any benefits under the License Agreements to Standard Nuclear (or the ultimate assignee) without assumption and assignment of the License Agreements.

Dated: December 12, 2024
      Wilmington, Delaware

**KLEIN LLC**

*/s/ Julia B. Klein*
Julia B. Klein (No. 5198)
225 W 14th Street, Suite 100
Wilmington, Delaware 19801
(302) 438-0456
klein@kleinllc.com

and

Gordon J. Toering, Esq
**WARNER NORCROSS + JUDD LLP**
150 Ottawa Ave. NW, Ste. 1500
Grand Rapids, MI 49503
(616) 752-2185
GToering@wnj.com

*Counsel for UT-Battelle, LLC*