## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Ultra Safe Nuclear Corporation, *et al.*,[1] | Case No. 24-12443 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 33 & 141** |

### NOTICE OF FILING OF PROPOSED SALE ORDER
### APPROVING SALE TO NANO NUCLEAR ENERGY INC.

**PLEASE TAKE NOTICE** that, on October 30, 2024, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Debtors' Motion for Entry of (A) an Order (I) Approving Bidding Procedures in Connection With the Sale of the Debtors' Assets and Related Bid Protections, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases, and (V) Granting Related Relief; and (B) an Order (I) Approving Purchase Agreements, and (II) Authorizing a Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests* [Docket No. 33] (the "**Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, on November 21, 2024, the Court entered the *Order (I) Approving Bidding Procedures in Connection With the Sale of the Debtors' Assets and Related Bid Protections, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases, and (V) Granting Related Relief* [Docket No. 141] (the "**Bidding Procedures Order**").[2]  Pursuant to the Bidding Procedures Order, the Sale Hearing is scheduled for **December 18, 2024 at 3:00 p.m. (ET)** (the "**Sale Hearing**").

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bidding Procedures Order, on December 12, 2024, the Debtors conducted an Auction for the Sale of the Assets.  At the conclusion of the Auction, the Debtors selected (i) Standard Nuclear, Inc. as the Successful Bidder for the Assets subject to the Stalking Horse Agreement, and (ii) Nano Nuclear Energy Inc. as the Successful Bidder for substantially all other Assets.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation – Technologies (9815); USNC-Power Ltd. (6500); and Global First Power Limited (7980).  The Debtors' mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

[2]   Capitalized terms used but not defined herein have the meaning given to such terms in the Motion or the Bidding Procedures Order, as applicable.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a proposed form of order (the "**Proposed Sale Order**"), a copy of which is attached hereto as **Exhibit A**, approving the Sale to Nano Nuclear Energy Inc.  For the convenience of all interested parties, attached hereto as **Exhibit B** is a blackline comparing the Proposed Sale Order against the proposed form of sale order appended as Exhibit B to the Stalking Horse Agreement filed with the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Proposed Sale Order remains subject to ongoing review and revision in all respects.  The Debtors intend to seek entry of the Proposed Sale Order at the Sale Hearing and reserve all rights to revise the Proposed Sale Order at or prior to the Sale Hearing.

Dated:  December 16, 2024
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Elizabeth S. Justison*
Michael R. Nestor (No. 3526)
Matthew B. Lunn (No. 4119)
Elizabeth S. Justison (No. 5911)
Shella Borovinskaya (No. 6758)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253
Email:  mnestor@ycst.com
            mlunn@ycst.com
            ejustison@ycst.com
            sborovinskaya@ycst.com

*Counsel to the Debtors and Debtors in Possession*

# Exhibit A

**Proposed Sale Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Ultra Safe Nuclear Corporation, *et al.*,[1] | Case No. 24-12443 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 33 & 141** |

## ORDER (A) AUTHORIZING THE SALE AND TRANSFER OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "**Sale Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Sale Order**"), pursuant to sections 105(a), 363, 365, 503, and 507 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing the Debtors to enter into that certain Asset Purchase Agreement, dated as of December __, 2024, by and between Nano Nuclear Energy Inc. (the "**Buyer**") and the Debtors (the "**Agreement**," attached hereto as **Exhibit 1**);[2] (ii) approving and authorizing the acquisition of certain assets of the Debtors as defined in the Agreement (the "**Purchased Assets**") by the Buyer; (iii) authorizing the assumption

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation – Technologies (9815); USNC-Power Ltd. (6500); and Global First Power Limited (7980).  The Debtors' mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement or the Sale Motion, as applicable.

and assignment of certain contracts (the "**Assumed Contracts**") as set forth in the Agreement, which list is subject to revision after the date of the Agreement in accordance with the terms of the Agreement; and (iv) granting related relief; and this Court having entered an order [Docket No. 141] (the "**Bidding Procedures Order**") authorizing the Debtors to conduct, and approving the terms and conditions of, the Auction and Bidding Procedures to consider higher and better offers for the Purchased Assets, establishing a date for the Auction and approving, *inter alia*, (i) the Bidding Procedures in connection with the Auction; (ii) the form and manner of notice of the Auction and Bidding Procedures; (iii) procedures relating to certain Assumed Contracts, including Government Contracts, including notice of proposed cure amounts; and (iv) the Break-Up Fee; and this Court having established the date of the Sale Hearing; and this Court having jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Sale Motion, the relief requested therein, and the responses thereto, if any; and upon consideration of the declaration of Kurt A. Terrani  [Docket No. 230] and the declaration of Lorie Beers [Docket No. 229]; and this being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections, if any, to the Sale Motion having been duly noted in the record of the Sale Hearing; and upon the record of the Sale Hearing, and all other pleadings and proceedings in these chapter 11 cases, including the Sale Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefore;

## I.    FINDINGS OF FACT:

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:[3]**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    This Court has jurisdiction over the Sale Motion and the transactions contemplated by the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).  Venue of these chapter 11 cases and the Sale Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rules 2002-1 and 6004-1.

D.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).   To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order.

E.    The Debtors gave due and proper notice of the proposed Sale, Auction, and Sale Hearing on November 25, 2024 [Docket No. 147] (the "**Sale Notice**").  The Sale Notice constituted

---

[3]    To the extent that any finding of fact herein is more properly characterized as a conclusion of law, or vice versa, this Court hereby provides for and adopts such characterization.

good, sufficient, and appropriate notice of the Sale under the particular circumstances and no further notice need be given with respect to the proposed Sale.  As provided by the Sale Notice, a reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.  Other parties interested in bidding on the Purchased Assets were provided, pursuant to the Bidding Procedures Order, sufficient information to make an informed judgment on whether to bid.

F.      The Debtors also gave due and proper notice of the potential assumption and assignment of each executory contract or unexpired lease available to be assumed by the Debtors and assigned to the Buyer to each non-debtor party under each such executory contract or unexpired lease as reflected on the notice of potential assumption and assignment of the Assumed Contracts, filed on November 26, 2024 [Docket No. 152] (the "**Assumption and Assignment Notice**").  Such notice was good, sufficient, and appropriate under the particular circumstances, and the counterparties to the Assumed Contracts are hereby deemed to consent to the relief granted herein unless otherwise provided in this Sale Order.

G.      As evidenced by the affidavits of service [Docket No. 186] previously filed with this Court, and based on the representations of counsel at the Sale Hearing, due, proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Agreement, this Sale Order and the Sale transaction has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, and 9014, and Local Rules 2002-1 and 6004-1.  The Debtors have complied with all obligations to provide notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Agreement, this Sale Order and the Sale transaction as required by the

Bidding Procedures Order. The aforementioned notices are good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Agreement, this Sale Order or the Sale transaction is or shall be required.

H.      A reasonable opportunity to object or be heard regarding the relief requested in the Motion and provided in this Sale Order was afforded to all parties in interest.

I.      Each of the Debtors, as applicable, (i) has the requisite entity power and authority to execute the Agreement and all other documents contemplated by the Sale Motion; (ii) has all of the requisite entity power and authority necessary to consummate the transactions contemplated by the Sale Motion; (iii) has taken all corporate action necessary to authorize and approve the Sale and the consummation by the Debtors of the transactions contemplated thereby; and (iv) requires no consents or approvals, other than those expressly provided for in the Agreement, to consummate such transactions. The Debtors are the sole and lawful owners of the Purchased Assets to be sold pursuant to the Agreement.

J.      The Buyer is a third-party purchaser unrelated to the Debtors and is not an "insider" or "affiliate" of the Debtors (as each such term is defined in the Bankruptcy Code).

K.      The Purchased Assets are property of the Debtors' estates.

L.      The Debtors have demonstrated sound business justifications, pursuant to section 363(b) of the Bankruptcy Code, with respect to the Sale and other transactions contemplated by the Sale Motion on the timeline set forth therein, and it is a reasonable exercise of the Debtors' business judgment to execute, deliver, and consummate the Agreement and the transactions contemplated thereby.

M.      The sales process engaged in by the Debtors and the Buyer, including, without limitation, the Auction, which was conducted in accordance with the Bidding Procedures and the Bidding Procedures Order, and the negotiation of the Agreement, was at arm's length, non-collusive, in good faith, and substantively and procedurally fair to all parties in interest. Neither the Debtors nor the Buyer has engaged in any conduct that would cause or permit the Agreement or the Sale transaction to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

N.      The Debtors and the Buyer have complied, in good faith, in all respects with the Bidding Procedures Order and the Bidding Procedures.  The Debtors, and their management, board of directors, employees, agents, advisors, and representatives, and the Buyer and its employees, agents, advisors and representatives, each actively participated in the bidding process and in the Auction, and each acted in good faith and without collusion of fraud of any kind.  The Buyer subjected its bid to competitive bidding in accordance with the Bidding Procedures and was designated the Successful Bidder for the Purchased Assets in accordance with the Bidding Procedures and the Bidding Procedures Order.

O.      The Buyer acted in good faith in acquiring the Purchased Assets and is therefore good faith buyer within the meaning of section 363(m) of the Bankruptcy Code who is therefore entitled to the full protection of that provision in respect of the Sale transaction, each term of the Agreement (and any ancillary documents executed in connection therewith) and each term of this Sale Order, and otherwise has proceeded in good faith in all respects in connection with this proceeding.  Neither the Debtors nor the Buyer has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code.  The Debtors were free to deal with any other party interested in buying or selling some or all of the Purchased Assets on behalf of the

Debtors' estates.  The protections afforded by section 363(m) of the Bankruptcy Code are integral to the Sale transaction and the Buyer would not consummate the Sale transaction without such protections.   The Buyer is entitled to the protections afforded under section 363(m) of the Bankruptcy Code because Buyer is a good faith purchaser in that, *inter alia*: (a) the Buyer participated in an open sale process for the Purchased Assets and recognized that the Debtors were free to deal with any other party interested in acquiring the Purchased Assets; (b) the Buyer complied with the provisions of the Bidding Procedures Order; (c) the Buyer's bid was the subject of the opportunity for competitive bidding; (d) the Buyer in no way induced or caused the chapter 11 filing by the Debtors; (e) all payments to be made by Buyer in connection with the Sale have been disclosed; (f) no common identity of directors or controlling stockholders exists between Buyer and the Debtors; and (g) the negotiation and execution of the Agreement was at arm's length and in good faith.

P.      In the absence of a stay pending appeal, the Buyer will be deemed to have acted in good faith, pursuant to section 363(m) of the Bankruptcy Code and entitled to the protections therein in closing the transactions contemplated by the Agreement after the entry of this Sale Order and in accordance with the Agreement.  Furthermore, in the absence of a stay pending appeal, should the Buyer elect to close or otherwise perform after the entry of this Sale Order and in accordance with the Agreement while an appeal or motion for rehearing pertaining to this Sale Order is pending, the Buyer shall be entitled to the protections of section 363(m) of the Bankruptcy Code in the event this Sale Order or any authorization contained herein is reversed or modified on appeal.

Q.      Neither the Buyer nor the Debtor has engaged in any conduct that would cause or permit the Agreement to be voided under section 363(n) of the Bankruptcy Code.  The Buyer has

32515710.2+

not violated section 363(n) of the Bankruptcy Code by any action or inaction.  The sale price to be paid by Buyer was not controlled by an agreement among potential bidders.  The transactions under the Agreement may not be avoided, and no damages may be assessed against Buyer or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

R.      The consideration provided by the Buyer for the Purchased Assets (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Purchased Assets; (iii) constitutes fair consideration and reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia; and (iv) will provide a greater recovery for the Debtors' creditors and other interested parties than would be provided by any other practically available alternative.

S.      The Debtors and the Buyer and their professionals have complied, in good faith, in all respects with the Bidding Procedures Order, as demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing.  Through marketing, and an open and competitive sale process conducted in accordance with the Bidding Procedures Order, the Debtors (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Purchased Assets; and (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets.

T.      The Purchased Assets shall be sold free and clear of all of the following (collectively, the "**Encumbrances**"), other than the Assumed Liabilities and Permitted Encumbrances (each as defined in the Agreement): mortgages, security interests, conditional sale or other retention agreement, pledges, liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, guaranties, debts, rights, contractual commitments, interests, judgments, demands, easements, charges, encumbrances, defects, options, rights of first refusal, other encumbrances, liens, and restrictions of any kind or nature whether imposed by agreement, understanding, law, equity, or otherwise, including, without limitation (i) encumbrances that purport to give any party a right or option to effect any forfeiture, modification or termination of the Debtors' rights or interests in the Purchased Assets or the Buyer's rights or interests in the Purchased Assets or (ii) in respect of taxes, in each case accruing, arising or relating to a period prior to the Closing; in all cases, except as expressly set forth in the Agreement.

U.      The transfer of the Purchased Assets to the Buyer pursuant to the Sale will be a legal, valid and effective transfer of the Purchased Assets, and shall vest the Buyer with all right, title, and interest of the Debtors to the Purchased Assets free and clear of any and all Encumbrances, other than Assumed Liabilities and Permitted Encumbrances, with all such Encumbrances to attach to proceeds received by the Debtors with the same priority, validity, force and effect as such Encumbrances had in the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto. The Buyer shall not assume or become liable for any Encumbrances relating to the Purchased Assets being sold by the Debtors, other than Assumed Liabilities and Permitted Encumbrances.

V.      All persons having Encumbrances, other than Permitted Encumbrances, of any kind or nature whatsoever against or in the Debtors or the Purchased Assets shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such Encumbrances against the Buyer or any of its assets, property, successors or assigns.

W.      The Debtors may sell the Purchased Assets free and clear of all Encumbrances (excluding the Assumed Liabilities and Permitted Encumbrances) of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those (i) holders of Encumbrances and (ii) non-debtor parties, who did not object, or who withdrew their objections, to the sale of the Purchased Assets and the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code. All Liens, claims, interests, and Encumbrances in or on the Purchased Assets shall attach to the Purchase Price with the same priority, validity, force, and effect that they now have, if any, as against the Purchased Assets or the Debtor and subject to any claims and defenses Debtors or other parties may possess with respect thereto.

X.      The assumption and assignment of the Assumed Contracts pursuant to the Assumption and Assignment Notice, the terms of this Sale Order, and the Agreement is integral to the transactions contemplated by the Agreement and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and represents a reasonable exercise of the Debtors' sound and prudent business judgment.

Y.      Pursuant to the terms of the Agreement and this Sale Order, on or before the Closing Date, as applicable pursuant to the terms of this Sale Order, the Debtors or the Buyer, as applicable,

shall have, except as otherwise provided in the Agreement or this Sale Order, or as otherwise expressly agreed to between the Debtors or the Buyer, as applicable, and such counterparty: (i) cured, or provided adequate assurance of cure of, any monetary default existing as of and including the Closing Date under any of the Assumed Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, (ii) provided compensation, or adequate assurance of compensation, to any party for actual pecuniary loss to such party resulting from a monetary default existing as of and including the Closing Date under any of the Assumed Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and (iii) provided adequate assurance of future performance under the Assumed Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

Z.    The terms and conditions of the Sale and the Agreement including the total consideration to be realized by the Debtors pursuant to the Agreement are fair and reasonable, and the transactions contemplated by the Agreement are in the best interests of the Debtors, the creditors, and the estates. A valid business purpose exists for the approval of the Sale and other transactions contemplated by the Sale Motions.

AA.    The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other applicable law relating to the sale of the Purchased Assets have been satisfied.

BB.    A reasonable opportunity has been afforded to all interested parties to make a higher or better offer to purchase the Purchased Assets.

CC.    Approval at this time of the Sale, the Agreement, and all the transactions contemplated thereby and hereby is in the best interests of the Debtors, the creditors, the estates, and other parties in interest.

DD.    The Buyer has the financial capability to fulfill the obligations contemplated under the Agreement.

EE.    The transactions contemplated under the Agreement do not amount to a consolidation, merger or de facto merger of Buyer and the Debtors.  As a result of any action taken in connection with the Sale, there is no substantial continuity between Buyer and the Debtors, there is no continuity of enterprise between the Debtors and Buyer, Buyer is not a mere continuation of the Debtors or their chapter 11 estates, and Buyer does not constitute a successor to the Debtors.

FF.    The transfer of the Purchased Assets to the Buyer does not and will not subject the Buyer or any of its affiliates or subsidiaries to any liability by reason of such transfer under (i) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based in whole or part on, directly or indirectly, including without limitation, any theory of antitrust, environmental, products liability, successor, transferee  or vicarious liability, labor law, de facto merger or substantial continuity or (ii) any employment contract, understanding or agreement, including without limitation collective bargaining agreements, employee pension plans or employee welfare or benefit plans (collectively, "**Debtor Liabilities**"). The Buyer has not assumed, and shall not be liable for any Debtor Liability or other obligation of the Debtor, other than the Assumed Liabilities, and such liabilities and obligations are expressly excluded from the sale of the Purchased Assets and shall remain liabilities and obligations of the Debtors and their estates.

GG.    Upon and following the Closing, all persons and entities are hereby forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Buyer, its successors and assigns, with respect to any Debtor Liability.

EE.     Subject to the terms and conditions of the Agreement, time is of the essence in consummating the Sale.  To effectuate the terms of the Agreement, it is essential that the Closing thereunder occur as soon as possible. Accordingly, there is cause to lift the fourteen (14) day stay imposed by Bankruptcy Rules 6004 and 6006.

## II.     CONCLUSIONS OF LAW:

**NOW, THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, THAT:**

1.     The relief requested in the Sale Motion is granted as set forth herein.  Any prior written or oral objections to the Sale Motion or entry of this Sale Order are overruled in their entirety.

2.     Notice of the Sale Hearing was fair and adequate under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.  Notwithstanding Bankruptcy Rules 6004 and 6006, this Sale Order shall be effective and enforceable immediately upon entry.

3.     The sale of the Purchased Assets and the consideration provided by Buyer under the Agreement therefor is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

4.     The Buyer is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

5.     The Agreement attached hereto as **Exhibit 1**, as may be amended, supplemented or modified in accordance with its terms, and all of the terms and conditions thereof, are hereby

approved.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to consummate the Sale pursuant to and in accordance with the terms and conditions of the Agreement, without any further corporate authorization.

6.      The Debtors are authorized and directed to fully assume, perform under, consummate and implement the terms of the Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Sale Order, and the sale of the Purchased Assets contemplated thereby and hereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession any or all of the Purchased Assets, as may be necessary or appropriate to the performance of the Debtors' obligations as contemplated by the Agreement, without any further corporate action or orders of this Court.  The Buyer shall have no obligation to proceed with the Closing of the Agreement until all conditions precedent to its obligations to do so have been met, satisfied or waived.  The Buyer may, in its sole discretion, waive any of the closing conditions required of the Debtors and, subject to satisfying the Buyer's obligations to close, consummate the transactions under the Agreement at any time after the entry of this Sale Order (including immediately thereafter) without any notice to this Court, any pre-petition or post-petition creditor of the Debtors or any other party in interest.

7.      The  Debtors and each other person or entity having duties or responsibilities under the Agreement, any agreements related thereto or this Sale Order,  and their respective directors, officers, employees, members, agents, representatives and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Agreement, to carry out all of the

provisions of the Agreement and any related agreements; to issue, execute, deliver, file and record, as appropriate, the documents evidencing and consummating the Agreement, and any related agreements; to take any and all actions contemplated by the Agreement,  any related agreements or this Sale Order; and to issue, execute, deliver, file and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Agreement, any related agreements and this Sale Order and the transactions contemplated thereby and hereby, all without further application to, or order of, this Court.  The Debtors shall be, and hereby are, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding, and enforceable).  The Debtors are further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements or amendments necessary or appropriate to effectuate the transactions contemplated by the Agreement, any related agreements and this Sale Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as the Debtors may determine are necessary or appropriate.  The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act.  Without limiting the generality of the foregoing, this Sale Order shall constitute all approvals and consents, if any, required by the corporation laws of the State of Delaware and all other applicable business corporation, trust and other laws of the applicable governmental units

with respect to the implementation and consummation of the Agreement, any related agreements and this Sale Order, and the transactions contemplated thereby and hereby.

8.      Effective as of the Closing, (a) the Sale of the Purchased Assets by the Debtors to the Buyer shall constitute a legal, valid, and effective transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any person and shall vest Buyer with all right, title and interest of the Debtors in and to the Purchased Assets, and (b) the Purchased Assets shall be transferred to Buyer free and clear of all Liens, claims, interests, and Encumbrances in or on the Purchased Assets in accordance with section 363(f) of the Bankruptcy Code, except to the extent expressly set forth in the Agreement, including with respect to Assumed Liabilities and Permitted Encumbrances, with such Liens, claims, interests and Encumbrances attaching to the proceeds received by the Debtors with the same priority, validity, force and effect as such Liens, claims, interests and Encumbrances had in the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto; notwithstanding anything set forth in this Sale Order, in the event of any conflict between the "free and clear" provisions of this Sale Order and the Agreement, the provisions of this Sale Order shall prevail.

9.      The sale of the Purchased Assets is not subject to avoidance, and no damages may be assessed against Buyer or any other party, pursuant to section 363(n) of the Bankruptcy Code.

10.     Except to the extent specifically provided in the Agreement or this Sale Order, upon the Closing the Debtors shall be, and hereby are, authorized, empowered and directed, pursuant to sections 105 and 363(b) of the Bankruptcy Code, to sell the Purchased Assets to Buyer.  The sale of Purchased Assets shall vest Buyer with all right, title and interest of the Debtors to the Purchased Assets free and clear of any and all Encumbrances and other liabilities and claims, other than Assumed Liabilities and Permitted Encumbrances, whether secured or unsecured, choate or

inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with such Encumbrances and other liabilities and claims to attach to the proceeds received by the Debtors with the same priority, validity, force and effect as such Encumbrances and other liabilities and claims had in the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto. Following the Closing Date, no holder of any Encumbrance in the Purchased Assets, other than Permitted Encumbrances, shall interfere with Buyer's use and enjoyment of the Purchased Assets based on or related to such Encumbrance, or any actions that the Debtors may take in the chapter 11 cases, or any action by any trustee in any subsequent chapter 7 cases, and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Agreement or this Sale Order.

11.     The provisions of this Sale Order authorizing the sale of the Purchased Assets free and clear of Encumbrances shall be self-executing, and neither the Debtors nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order. However, the Debtors and the Buyer, and each of their respective officers, employees, and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Buyer deem necessary or appropriate to implement and effectuate the terms of the Agreement and this Sale Order.

12.     On or before the Closing Date, all parties holding Encumbrances (other than Permitted Encumbrances) of any kind are authorized and directed to execute such documents and

take all other actions as may be necessary to release any Encumbrances of any kind against the Purchased Assets and, as such Encumbrances may have been recorded or may otherwise exist.  If any person or entity that has filed financing statements or other documents or agreements evidencing any Encumbrances in or against the Purchased Assets shall not have delivered to the Debtors prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Encumbrances that the person or entity has with respect to the Assets, the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Purchased Assets prior to the Closing, and the Buyer is authorized to execute and file such documents after Closing.

13.     To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Purchased Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to Buyer as of the Closing Date.

14.     All of the Debtors' interests in the Assets to be acquired by the Buyer under the Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Buyer pursuant to the Agreement.  Upon the occurrence of the Closing, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets acquired by the Buyer under the Agreement and/or a bill of sale/deed or assignment transferring the Debtors' good and marketable, indefeasible title and interest in the Purchased Assets to the Buyer.

15.    Other than the Assumed Liabilities and Permitted Encumbrances, the Buyer is not assuming nor shall it, or any affiliate or subsidiary of Buyer, be in any way liable or responsible, as a successor or otherwise, as a result of any action taken in connection with the Sale, for any Debtor Liabilities, any other liabilities, debts or obligations of the Debtors in any way whatsoever relating to or arising from the Debtors' ownership or use of the Purchased Assets prior to the consummation of the transactions contemplated by the Agreement, or any liabilities calculable by reference to the Debtors or their operations or the Purchased Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreement, which liabilities, debts, and obligations are hereby extinguished solely insofar as they may give rise to liability, successor or otherwise, against Buyer or any affiliate or subsidiary of the Buyer as a result of any action taken in connection with the Sale.

16.    The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other Sale-related document. The automatic stay imposed by section 362 of the Bankruptcy Code is modified to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order.

17.    Except as otherwise expressly provided in the Agreement or this Sale Order, upon the Closing Date, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, the Debtors are authorized to (a) assume each of the Assumed Contracts and assign the Assumed Contracts, set forth in **Exhibit 2**, as it may be modified after the date hereof in accordance with the Agreement (the "**Assumed Contracts Exhibit**") attached hereto to the Buyer free and clear of all Encumbrances and (b) execute and deliver to the Buyer such documents or other instruments as

may be reasonably requested by the Buyer to assign and transfer the Assumed Contracts to the Buyer.

18.     The Cure Costs listed on the Assumption and Assignment Notice and Assumed Contracts Exhibit are the sole amounts necessary to be paid upon assumption and assignment of the Assumed Contracts under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code.  Upon the payment of the Cure Costs, if any, the Assumed Contracts shall remain in full force and effect, and no default shall exist under the Assumed Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.  The Cure Costs shall not be subject to further dispute or audit, including, without limitation, any based on performance prior to the Closing Date, irrespective of whether such Assumed Contract contains an audit clause.  After the payment of the Cure Costs by the Buyer (except with respect to the Initial Designated Contracts as set forth in the Agreement), following the Closing Date the Debtors shall have no further liabilities to the counterparties to the Assumed Contracts.

19.     In the event of a dispute as of, or after, the Closing Date regarding assumption and assignment or Cure Costs of any executory contract or unexpired lease proposed to be an Assumed Contract, the assumption and assignment of such executory contract or unexpired lease, and payment of any applicable Cure Costs, shall be made upon (a) the entry of an order of the Court resolving any such dispute and upon the election of the Buyer to retain such executory contract or unexpired lease as an Assumed Contract, or (b) the consensual resolution of such dispute as may be agreed by the Buyer and such counterparty and, solely with respect to disputes regarding Cure Costs, the Debtors.  The Buyer shall designate all Assumed Contracts for assumption and

assignment no later than the Closing Date. The Buyer is not required to assume any of the Assumed Contracts.

20.     To the extent any non-Debtor party to an Assumed Contract has failed to timely object to a proposed Cure Cost, such Cure Cost has been and shall be deemed to be finally determined in the amount listed on the Assumption and Assignment Notice and Assumed Contracts Exhibit and any such non-Debtor party shall be prohibited from challenging, objecting to, or denying the validity and finality of the Cure Cost at any time; *provided, however*, that such non-Debtor parties shall not be barred from seeking additional amounts on account of any defaults occurring between the deadline to object to the Cure Cost set forth in the Assumption and Assignment Notice and the assumption of the Assumed Contract. The non-Debtor party to an Assumed Contract is forever bound by the applicable Cure Cost and, upon payment of the Cure Cost as provided herein and in the Agreement, is hereby enjoined from taking any action against the Debtors or the Buyer with respect to any claim for cure under the Assumed Contract.

21.     Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect.

22.     Any party that may have had the right to consent to the assignment of an Assumed Contract is deemed to have consented to such assignment, including for purposes of sections 365(c)(1)(B) and 365(e)(2)(A)(ii) of the Bankruptcy Code and otherwise, if such party failed to object to the assumption and assignment of such Assumed Contract.

23.     Each Assumed Contract constitutes an executory contract or unexpired lease under the Bankruptcy Code and all requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Buyer of the Assumed Contracts have been, or will be, satisfied.  Upon the Buyer's assumption of the Assumed Contracts in accordance with the terms hereof, in accordance with sections 363 and 365 of the Bankruptcy Code, (a) the Buyer shall be fully and irrevocably vested with all rights, title and interest of the Debtors under the Assumed Contracts, (b) the Buyer shall be deemed to be substituted for the applicable Debtor as a party to the applicable Assumed Contracts, and (c) the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assumed Contracts.

24.     The Buyer has demonstrated adequate assurance of future performance under the relevant Assumed Contracts within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

25.     There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Debtors or the Buyer as a result of the assumption and assignment of the Assumed Contracts.  Subject to the terms of the Agreement, the validity of the transactions contemplated by the Agreement, including, without limitation, the Sale transaction and the assumption and assignment of the Assumed Contracts, shall not be affected by any dispute between the Debtors and the non-Debtor party to an Assumed Contract regarding the payment of any amount.  Upon assignment to the Buyer, the Assumed Contracts shall be valid and binding, in full force and effect and enforceable by the Buyer in accordance with their respective terms.

26.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all counterparties to the Assumed Contracts are forever barred and permanently enjoined from raising

or asserting against the Debtors or the Buyer any assignment fee, default, breach or claim of pecuniary loss, or condition to assignment, arising under or related to the Assumed Contracts existing as of and including the Closing Date under the Agreement or arising by reason of the consummation of the transactions contemplated by the Agreement, including, without limitation, the Sale transaction and the assumption and assignment of the Assumed Contracts.

27.    All counterparties to the Assumed Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Buyer, any instruments, applications, consents or other documents that may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale of the Purchased Assets.

28.    Notwithstanding anything to the contrary in this Sale Order, no Assumed Contract will be assumed and assigned to the Buyer until the Closing.

29.    <u>Provisions regarding the United States</u>. Notwithstanding any provision to the contrary in the Sale Motion, Bidding Procedures Order, the Cure Notice, this Order, or any implementing sale documents, nothing shall be deemed to: (1) authorize the assumption, sale, assignment or other transfer to the Buyer of any federal (i) grants, (ii) grant funds, (iii) contracts between the Debtors and the United States or its agencies, including but not limited to agreements, contracts, awards, and task orders, (iv) property, including but not limited to, any intellectual property and patents belonging to the United States or any of its agencies or components thereof, (v) leases, (vi) other interests belonging to the United States or its agencies (collectively, "**Federal Interests**") without compliance by the Debtors and the Buyer with all terms of the Federal Interests and with all applicable non-bankruptcy law; (2) be interpreted to set cure amounts or to require the government to novate, approve or otherwise consent to the sale, assumption, assignment or other

transfer of any Federal Interests; (3) waive, alter or otherwise limit the United States' property rights, including without limitation, inventory, patents, intellectual property, licenses, and data; (4) affect the setoff or recoupment rights of any governmental unit (as defined in 11 U.S.C. § 101(27)); (5) authorize the sale, assumption, assignment or other transfer of any governmental unit's (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable requirements, obligations and approvals under non-bankruptcy laws; (6) release, nullify, preclude or enjoin the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the owner or operator of property after the date of entry of this Order; (7) confer exclusive jurisdiction to the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); (8) divest any tribunal of any jurisdiction it may have under police or regulatory law; or (9) expand the scope of section 525 of the Bankruptcy Code.

30.     This Sale Order shall be binding upon and shall govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

31.     To the fullest extent permitted by applicable law, this Court retains and shall have exclusive jurisdiction to endorse and implement the terms and provisions of the Agreement, any amendments thereto, any waivers and consents thereunder, and each of the agreements executed

in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer; (b) resolve any disputes arising under or related to the Agreement; (c) enforce the injunctions and releases contained within this Sale Order and (d) interpret, implement, and enforce the provisions of the Agreement and this Sale Order.

32.     The terms and provisions of the Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of the Debtors, the estates, and all parties in interest in these chapter 11 cases (including the Debtors' creditors and equity holders) (collectively, the "**Debtor Parties**"), the Buyer, and each of the Debtor Parties' and Buyer's respective affiliates, members, officers, directors, successors and permitted assigns, and any affected third parties.

33.     The failure specifically to include any particular provisions of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, and the Agreement is, by this Sale Order, authorized and approved in its entirety.

34.     The Agreement and any related contract, document, or other instrument may be waived, modified, amended, or supplemented by agreement of the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further action or order of this Court; provided that any such waiver, modification, amendment, or supplement does not have a material adverse effect on the Debtors' Estate or any creditor or party in interest.

35.     From time to time, as and when requested by any Party, a Party to the Agreement shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other Party may reasonably deem necessary or desirable at no cost to such respective counter-Party to consummate the Sale and achieve Closing, or further perform the terms of the Agreement,

including such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in the Buyer its right, title, and interest in and to the Assets.

**<u>EXHIBIT 1</u>**

**Agreement**

*[To Be Filed]*

## **EXHIBIT 2**

**Assumed Contracts List**

*[To Be Filed]*

# Exhibit B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Ultra Safe Nuclear Corporation, *et al.*,[1] | Case No. ~~24-~~___24-12443 (~~___~~KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket ~~No~~Nos. ___33 & 141** |

## ORDER (A) AUTHORIZING THE SALE AND TRANSFER OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "**Sale Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Sale Order**"), pursuant to sections 105(a), 363, 365, 503, and 507 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) authorizing ~~Ultra Safe Nuclear Corporation ("USNC")~~the Debtors to enter into that certain Asset Purchase Agreement, dated as of December ___, 2024, by and between ~~Standard~~Nano Nuclear~~,~~ Energy Inc. (the "**Buyer**") and ~~USNC~~the Debtors (the "**Agreement**," attached hereto as **Exhibit 1**);[2] (ii) approving and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective federal tax identification numbers, are:  Ultra Safe Nuclear Corporation (9774); Ultra Safe Nuclear Corporation – Technologies (9815); USNC-Power Ltd. (6500); and Global First Power Limited (7980).  The Debtors' mailing address is 200 Europia Ave., Oak Ridge, Tennessee 37830.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Agreement or the Sale Motion, as applicable.


~~32316838.3~~
32515710.2

authorizing the acquisition of certain assets of ~~USNC~~the Debtors as defined in the Agreement (the "**Purchased Assets**") by the Buyer; (iii) authorizing the assumption and assignment of certain contracts (the "**Assumed Contracts**") as set forth in the Agreement, which list is subject to revision after the date of the Agreement in accordance with the terms of the Agreement; and (iv) granting related relief; and this Court having entered an order [Docket No. ~~—~~141] (the "**Bidding Procedures Order**") authorizing the Debtors to conduct, and approving the terms and conditions of, the Auction and Bidding Procedures to consider higher and better offers for the Purchased Assets, establishing a date for the Auction and approving, *inter alia*, (i) the Bidding Procedures in connection with the Auction; (ii) the form and manner of notice of the Auction and Bidding Procedures; (iii) procedures relating to certain Assumed Contracts, including Government Contracts, including notice of proposed cure amounts; and (iv) the Break-Up Fee; and this Court having established the date of the Sale Hearing; and this Court having jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Sale Motion, the relief requested therein, and the responses thereto, if any; and upon consideration of the ~~[_____]~~declaration of Kurt A. Terrani [Docket No. ~~—~~230] ~~(and the "_____~~ ~~**Declaration**")~~declaration of Lorie Beers [Docket No. 229]; and this being a core proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties and all responses and objections, if any, to the Sale Motion having been duly noted in the record of the Sale Hearing; and upon the record of the Sale Hearing, and all other pleadings and proceedings in these chapter 11 cases, including the Sale Motion; and it appearing that the relief requested in



the Sale Motion is in the best interests of the Debtors, their creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefore;

## I.    FINDINGS OF FACT:

**IT IS HEREBY FOUND, DETERMINED, AND CONCLUDED THAT:[3]**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    This Court has jurisdiction over the Sale Motion and the transactions contemplated by the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N). Venue of these chapter 11 cases and the Sale Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Local Rules 2002-1 and 6004-1.

D.    This Sale Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).    To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the

---

[3]    To the extent that any finding of fact herein is more properly characterized as a conclusion of law, or vice versa, this Court hereby provides for and adopts such characterization.



3

Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order.

E.    The Debtors gave due and proper notice of the proposed Sale, Auction, and Sale Hearing on [———]November 25, 2024 [Docket No. —147] (the "**Sale Notice**").  The Sale Notice constituted good, sufficient, and appropriate notice of the Sale under the particular circumstances and no further notice need be given with respect to the proposed Sale.  As provided by the Sale Notice, a reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.  Other parties interested in bidding on the Purchased Assets were provided, pursuant to the Bidding Procedures Order, sufficient information to make an informed judgment on whether to bid.

F.    The Debtors also gave due and proper notice of the potential assumption and assignment of each executory contract or unexpired lease available to be assumed by the Debtors and assigned to the Buyer to each non-debtor party under each such executory contract or unexpired lease as reflected on the notice of potential assumption and assignment of the Assumed Contracts, filed on [———]November 26, 2024 [Docket No. —152] (the "**Assumption and Assignment Notice**").  Such notice was good, sufficient, and appropriate under the particular circumstances, and the counterparties to the Assumed Contracts are hereby deemed to consent to the relief granted herein unless otherwise provided in this Sale Order.

G.    As evidenced by the affidavits of service [Docket NosNo. ▲186] previously filed with this Court, and based on the representations of counsel at the Sale Hearing, due, proper, timely, adequate and sufficient notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Agreement, this Sale Order and the Sale transaction has been provided in accordance with sections 102(1) and



363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, and 9014, and Local Rules 2002-1 and 6004-1. The Debtors have complied with all obligations to provide notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Agreement, this Sale Order and the Sale transaction as required by the Bidding Procedures Order. The aforementioned notices are good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion, the Bidding Procedures Order, the Auction, the Sale Hearing, the assumption and assignment of the Assumed Contracts, the Agreement, this Sale Order or the Sale transaction is or shall be required.

H.    A reasonable opportunity to object or be heard regarding the relief requested in the Motion and provided in this Sale Order was afforded to all parties in interest.

I.    Each of the Debtors, as applicable, (i) has the requisite entity power and authority to execute the Agreement and all other documents contemplated by the Sale Motion; (ii) has all of the requisite entity power and authority necessary to consummate the transactions contemplated by the Sale Motion; (iii) ~~have~~has taken all corporate action necessary to authorize and approve the Sale and the consummation by the Debtors of the transactions contemplated thereby; and (iv) ~~require~~requires no consents or approvals, other than those expressly provided for in the Agreement, to consummate such transactions. The Debtors are the sole and lawful owners of the Purchased Assets to be sold pursuant to the Agreement.

J.    The Buyer is a third-party purchaser unrelated to the Debtors and is not an "insider" or "affiliate" of the Debtors (as each such term is defined in the Bankruptcy Code).

K.    The Purchased Assets are property of the Debtors' estates.

L.    The Debtors have demonstrated sound business justifications, pursuant to section 363(b) of the Bankruptcy Code, with respect to the Sale and other transactions contemplated by



the Sale Motion on the timeline set forth therein, and it is a reasonable exercise of the Debtors' business judgment to execute, deliver, and consummate the Agreement and the transactions contemplated thereby.

M.    The sales process engaged in by the Debtors and the Buyer, [including, without limitation, the Auction, which was conducted in accordance with the Bidding Procedures and the Bidding Procedures Order], and the negotiation of the Agreement, was at arm's length, non-collusive, in good faith, and substantively and procedurally fair to all parties in interest. Neither the Debtors nor the Buyer has engaged in any conduct that would cause or permit the Agreement or the Sale transaction to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

N.    The Debtors and the Buyer have complied, in good faith, in all respects with the Bidding Procedures Order and the Bidding Procedures.  The Debtors, and their management, board of directors, employees, agents, advisors, and representatives, and the Buyer and its employees, agents, advisors and representatives, each actively participated in the bidding process [and in the Auction], and each acted in good faith and without collusion of fraud of any kind. The Buyer subjected its bid to competitive bidding in accordance with the Bidding Procedures and was designated the Successful Bidder for the Purchased Assets in accordance with the Bidding Procedures and the Bidding Procedures Order.

O.    The Buyer is a acted in good faith in acquiring the Purchased Assets and is therefore good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and who is therefore entitled to the full protection of that provision in respect of the Sale transaction, each term of the Agreement (and any ancillary documents executed in connection therewith) and each term of this Sale Order, and otherwise has proceeded in good faith in all respects in



connection with this proceeding.  Neither the Debtors nor the Buyer has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code.  The Debtors were free to deal with any other party interested in buying or selling some or all of the <u>Purchased</u> Assets on behalf of the Debtors' estates.  The protections afforded by section 363(m) of the Bankruptcy Code are integral to the Sale transaction and the Buyer would not consummate the Sale transaction without such protections.  The Buyer is entitled to the protections afforded under section 363(m) of the Bankruptcy Code because Buyer is a good faith purchaser in that, *inter alia*: (a) the Buyer participated in an open sale process for the <u>Purchased</u> Assets and recognized that the Debtors were free to deal with any other party interested in acquiring the <u>Purchased</u> Assets; (b) the Buyer complied with the provisions of the Bidding Procedures Order; (c) the Buyer's bid was the subject of the opportunity for competitive bidding; (d) the Buyer in no way induced or caused the chapter 11 filing by the Debtors; (e) all payments to be made by Buyer in connection with the Sale have been disclosed; (f) no common identity of directors or controlling stockholders exists between Buyer and the Debtors; and (g) the negotiation and execution of the Agreement was at arm's length and in good faith.

P.      In the absence of a stay pending appeal, the Buyer will be deemed to have acted in good faith, pursuant to section 363(m) of the Bankruptcy Code and entitled to the protections therein in closing the transactions contemplated by the Agreement after the entry of this Sale Order and in accordance with the Agreement.  Furthermore, in the absence of a stay pending appeal, should the Buyer elect to close or otherwise perform after the entry of this Sale Order and in accordance with the Agreement while an appeal or motion for rehearing pertaining to this Sale Order is pending, the Buyer  shall be entitled to the protections of section 363(m) of the



Bankruptcy Code in the event this Sale Order or any authorization contained herein is reversed or modified on appeal.

Q.      Neither the Buyer nor the Debtor has engaged in any conduct that would cause or permit the Agreement to be voided under section 363(n) of the Bankruptcy Code.  The Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction.  The sale price to be paid by Buyer was not controlled by an agreement among potential bidders.  The transactions under the Agreement may not be avoided, and no damages may be assessed against Buyer or any other party under section 363(n) of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

R.      The consideration provided by the Buyer for the Purchased Assets (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Purchased Assets; (iii) constitutes fair consideration and reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia; and (iv) will provide a greater recovery for the Debtors' creditors and other interested parties than would be provided by any other practically available alternative.

S.      The Debtors and the Buyer and their professionals have complied, in good faith, in all respects with the Bidding Procedures Order, as demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing.  Through marketing, and an open and competitive sale process conducted in accordance with the Bidding Procedures Order, the Debtors (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their



highest or otherwise best offer to purchase the Purchased Assets; and (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets.

T. The transfer of the Assets to the Buyer pursuant to the Sale under the Agreement will, upon the occurrence of the Closing, vest in Buyer all rights, title, and interest of the Debtors in the Assets, free and clear of any and all Encumbrances, except as expressly set forth in the Agreement. The Buyer shall not assume or become liable for any interests in or relating to the Assets being sold by the Debtors (other than Assumed Liabilities).

T.    U. The Purchased Assets shall be sold free and clear of all of the following (collectively, the "**Encumbrances**"), other than the Assumed Liabilities and Permitted Encumbrances (each as defined in the Agreement): mortgages, security interests, conditional sale or other retention agreement, pledges, liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, guaranties, debts, rights, contractual commitments, interests, judgments, demands, easements, charges, encumbrances, defects, options, rights of first refusal, other encumbrances, liens, and restrictions of any kind or nature whether imposed by agreement, understanding, law, equity, or otherwise, including, without limitation (i) encumbrances that purport to give any party a right or option to effect any forfeiture, modification or termination of the Debtors' rights or interests in the Purchased Assets or the Buyer's rights or interests in the Purchased Assets or (ii) in respect of taxes, in each case accruing, arising or relating to a period prior to the Closing; in all cases, except as expressly set forth in the Agreement.

U.    V. The transfer of the Purchased Assets to the Buyer pursuant to the Sale will be a legal, valid and effective transfer of the Purchased Assets, and shall vest the Buyer with all right,



title, and interest of the Debtors to the Purchased Assets free and clear of any and all Encumbrances, other than Assumed Liabilities and Permitted Encumbrances, with all such Encumbrances to attach to proceeds received by the Debtors with the same priority, validity, force and effect as such Encumbrances had in the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto. The Buyer shall not assume or become liable for any Encumbrances relating to the Purchased Assets being sold by the Debtors, other than Assumed Liabilities and Permitted Encumbrances.

V.    W. All persons having Encumbrances, other than Permitted Encumbrances, of any kind or nature whatsoever against or in the Debtors or the Purchased Assets shall be forever barred, estopped, and permanently enjoined from pursuing or asserting such Encumbrances against the Buyer or any of its assets, property, successors or assigns.

W.    X. The Debtors may sell the Purchased Assets free and clear of all Encumbrances (excluding the Assumed Liabilities and Permitted Encumbrances) of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied. Those (i) holders of Encumbrances and (ii) non-debtor parties, who did not object, or who withdrew their objections, to the sale of the Purchased Assets and the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Encumbrances who did object fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code. All Liens, claims, interests, and Encumbrances in or on the Purchased Assets shall attach to the Purchase Price with the same priority, validity, force, and effect that they now have, if any, as against the Purchased Assets or the Debtor and subject to any claims and defenses Debtors or other parties may possess with respect thereto.



X.    ~~Y.~~  The assumption and assignment of the Assumed Contracts pursuant to the Assumption and Assignment Notice, the terms of this Sale Order, and the Agreement is integral to the transactions contemplated by the Agreement and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest, and represents a reasonable exercise of the Debtors' sound and prudent business judgment.

Y.    ~~Z.~~  Pursuant to the terms of the Agreement and this Sale Order, on or before the Closing Date, as applicable pursuant to the terms of this Sale Order, the Debtors or the Buyer, as applicable, shall have, except as otherwise provided in the Agreement or this Sale Order, or as otherwise expressly agreed to between the Debtors or the Buyer, as applicable, and such counterparty:  (i)  cured, or provided adequate assurance of cure of, any monetary default existing as of and including the Closing Date under any of the Assumed Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, (ii) provided compensation, or adequate assurance of compensation, to any party for actual pecuniary loss to such party resulting from a monetary default existing as of and including the Closing Date under any of the Assumed Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and (iii) provided adequate assurance of future performance under the Assumed Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

Z.    ~~AA.~~  The terms and conditions of the Sale and the Agreement including the total consideration to be realized by the Debtors pursuant to the Agreement are fair and reasonable, and the transactions contemplated by the Agreement are in the best interests of the Debtors, the creditors, and the estates. A valid business purpose exists for the approval of the Sale and other transactions contemplated by the Sale Motions.



AA. ~~BB.~~ The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other applicable law relating to the sale of the Purchased Assets have been satisfied.

BB. ~~CC.~~ A reasonable opportunity has been afforded to all interested parties to make a higher or better offer to purchase the Purchased Assets.

CC. ~~DD.~~ Approval at this time of the Sale, the Agreement, and all the transactions contemplated thereby and hereby is in the best interests of the Debtors, the creditors, the estates, and other parties in interest.

DD. ~~EE.~~ The Buyer has the financial capability to fulfill the obligations contemplated under the Agreement.

EE. ~~FF.~~ The transactions contemplated under the Agreement do not amount to a consolidation, merger or de facto merger of Buyer and the Debtors. As a result of any action taken in connection with the Sale, there is no substantial continuity between Buyer and the Debtors, there is no continuity of enterprise between the Debtors and Buyer, Buyer is not a mere continuation of the Debtors or their chapter 11 estates, and Buyer does not constitute a successor to the Debtors.

FF. ~~GG.~~ The transfer of the Purchased Assets to the Buyer does not and will not subject the Buyer or any of its affiliates or subsidiaries to any liability by reason of such transfer under (i) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based in whole or part on, directly or indirectly, including without limitation, any theory of antitrust, environmental, products liability, successor, transferee or vicarious liability, labor law, de facto merger or substantial continuity or (ii) any employment contract, understanding or agreement, including without limitation collective bargaining agreements, employee pension plans or employee welfare or benefit plans (collectively, "**Debtor**



**Liabilities**"). The Buyer has not assumed, and shall not be liable for any Debtor Liability or other obligation of the Debtor, other than the Assumed Liabilities, and such liabilities and obligations are expressly excluded from the sale of the Purchased Assets and shall remain liabilities and obligations of the Debtors and their estates.

GG. ~~HH.~~ Upon and following the Closing, all persons and entities are hereby forever prohibited and permanently enjoined from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral or other proceeding against the Buyer, its successors and assigns, with respect to any Debtor Liability.

EE. Subject to the terms and conditions of the Agreement, time is of the essence in consummating the Sale. To effectuate the terms of the Agreement, it is essential that the Closing thereunder occur as soon as possible. Accordingly, there is cause to lift the fourteen (14) day stay imposed by Bankruptcy Rules 6004 and 6006.

## II.    CONCLUSIONS OF LAW:

**NOW, THEREFORE, BASED UPON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, EFFECTIVE IMMEDIATELY, THAT:**

1. The relief requested in the Sale Motion is granted as set forth herein. Any prior written or oral objections to the Sale Motion or entry of this Sale Order are overruled in their entirety.

2. Notice of the Sale Hearing was fair and adequate under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004. Notwithstanding Bankruptcy Rules 6004 and 6006, this Sale Order shall be effective and enforceable immediately upon entry.



3.      The sale of the Purchased Assets and the consideration provided by Buyer under the Agreement therefor is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

4.      The Buyer is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

5.      The Agreement attached hereto as **Exhibit 1**, as may be amended, supplemented or modified in accordance with its terms, and all of the terms and conditions thereof, are hereby approved.  Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to consummate the Sale pursuant to and in accordance with the terms and conditions of the Agreement, without any further corporate authorization.

6.      The Debtors are authorized and directed to fully assume, perform under, consummate and implement the terms of the Agreement together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Agreement, this Sale Order, and the sale of the Purchased Assets contemplated thereby and hereby including, without limitation, deeds, assignments, stock powers and other instruments of transfer, and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring to the Buyer, or reducing to possession any or all of the Purchased Assets, as may be necessary or appropriate to the performance of the Debtor'sDebtors' obligations as contemplated by the Agreement, without any further corporate action or orders of this Court.  The Buyer shall have no obligation to proceed with the Closing of the Agreement until all conditions precedent to its obligations to do so have been met, satisfied or waived.  The Buyer may, in its sole discretion,



waive any of the closing conditions required of the Debtors and, subject to satisfying the Buyer's obligations to close, consummate the transactions under the Agreement at any time after the entry of this Sale Order (including immediately thereafter) without any notice to this Court, any pre-petition or ~~post-petition~~post-petition creditor of the Debtors or any other party in interest.

7. The Debtors and each other person or entity having duties or responsibilities under the Agreement, any agreements related thereto or this Sale Order, and their respective directors, officers, employees, members, agents, representatives and attorneys, are authorized and empowered, subject to the terms and conditions contained in the Agreement, to carry out all of the provisions of the Agreement and any related agreements; to issue, execute, deliver, file and record, as appropriate, the documents evidencing and consummating the Agreement, and any related agreements; to take any and all actions contemplated by the Agreement, any related agreements or this Sale Order; and to issue, execute, deliver, file and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases or other agreements or documents and to perform such other acts and execute and deliver such other documents, as are consistent with, and necessary or appropriate to implement, effectuate, and consummate, the Agreement, any related agreements and this Sale Order and the transactions contemplated thereby and hereby, all without further application to, or order of, this Court. The Debtors shall be, and hereby are, authorized to certify or attest to any of the foregoing actions (but no such certification or attestation shall be required to make any such action valid, binding, and enforceable). The Debtors are further authorized and empowered to cause to be filed with the secretary of state of any state or other applicable officials of any applicable governmental units any and all certificates, agreements or amendments necessary or appropriate to effectuate the transactions contemplated by the Agreement, any related



agreements and this Sale Order, including amended and restated certificates or articles of incorporation and by-laws or certificates or articles of amendment, and all such other actions, filings, or recordings as may be required under appropriate provisions of the applicable laws of all applicable governmental units or as the Debtors may determine are necessary or appropriate. The execution of any such document or the taking of any such action shall be, and hereby is, deemed conclusive evidence of the authority of such person to so act. Without limiting the generality of the foregoing, this Sale Order shall constitute all approvals and consents, if any, required by the corporation laws of the State of Delaware and all other applicable business corporation, trust and other laws of the applicable governmental units with respect to the implementation and consummation of the Agreement, any related agreements and this Sale Order, and the transactions contemplated thereby and hereby.

8.      Effective as of the Closing, (a) the Sale of the Purchased Assets by the Debtors to the Buyer shall constitute a legal, valid, and effective transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any person and shall vest Buyer with all right, title and interest of the Debtors in and to the Purchased Assets, and (b) the Purchased Assets shall be transferred to Buyer free and clear of all Liens, claims, interests, and Encumbrances in or on the Purchased Assets in accordance with section 363(f) of the Bankruptcy Code, except to the extent expressly set forth in the Agreement, including with respect to Assumed Liabilities and Permitted Encumbrances, with such Liens, claims, interests and Encumbrances attaching to the proceeds received by the Debtors with the same priority, validity, force and effect as such Liens, claims, interests and Encumbrances had in the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto; notwithstanding anything set forth in this Sale Order, in the event of any conflict between the



"free and clear" provisions of this Sale Order and the Agreement, the provisions of this Sale Order shall prevail.

9.      The sale of the Purchased Assets is not subject to avoidance, and no damages may be assessed against Buyer or any other party, pursuant to section 363(n) of the Bankruptcy Code.

10.      Except to the extent specifically provided in the Agreement or this Sale Order, upon the Closing the Debtors shall be, and hereby are, authorized, empowered and directed, pursuant to sections 105 and 363(b) of the Bankruptcy Code, to sell the Purchased Assets to Buyer.  The sale of Purchased Assets shall vest Buyer with all right, title and interest of the Debtors to the Purchased Assets free and clear of any and all Encumbrances and other liabilities and claims, other than Assumed Liabilities and Permitted Encumbrances, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise, with such Encumbrances and other liabilities and claims to attach to the proceeds received by the Debtors with the same priority, validity, force and effect as such Encumbrances and other liabilities and claims had in the Purchased Assets, subject to any claims and defenses the Debtors may possess with respect thereto.  Following the Closing Date, no holder of any Encumbrance in the Purchased Assets, other than Permitted Encumbrances, shall interfere with Buyer's  use and enjoyment of the Purchased Assets based on or related to such Encumbrance, or any actions that the Debtors may take in the chapter 11 cases, or any action by any trustee in any subsequent chapter 7 cases, and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Agreement or this Sale Order.



11.     The provisions of this Sale Order authorizing the sale of the Purchased Assets free and clear of Encumbrances shall be self-executing, and neither the Debtors nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents or other instruments in order to effectuate, consummate and implement the provisions of this Sale Order.  However, the Debtors and the Buyer, and each of their respective officers, employees, and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or the Buyer deem necessary or appropriate to implement and effectuate the terms of the Agreement and this Sale Order.

12.     On or before the Closing Date, all parties holding Encumbrances (other than Permitted Encumbrances) of any kind are authorized and directed to execute such documents and take all other actions as may be necessary to release any Encumbrances of any kind against the Purchased Assets and, as such Encumbrances may have been recorded or may otherwise exist.  If any person or entity that has filed financing statements or other documents or agreements evidencing any Encumbrances in or against the Purchased Assets shall not have delivered to the Debtors prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Encumbrances that the person or entity has with respect to the Assets, the Debtors are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such Purchased Assets prior to the Closing, and the Buyer  is authorized to execute and file such documents after Closing.

13.     To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration and governmental authorization or approval of the Debtors with respect to the Purchased Assets, and



all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to Buyer as of the Closing Date.

14.    All of the Debtors' interests in the Assets to be acquired by the Buyer under the Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Buyer pursuant to the Agreement.  Upon the occurrence of the Closing, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets acquired by the Buyer under the Agreement and/or a bill of sale/deed or assignment transferring the Debtors' good and marketable, indefeasible title and interest in the Purchased Assets to the Buyer.

15.    Other than the Assumed Liabilities and Permitted Encumbrances, the Buyer is not assuming nor shall it, or any affiliate or subsidiary of Buyer, be in any way liable or responsible, as a successor or otherwise, as a result of any action taken in connection with the Sale, for any Debtor Liabilities, any other liabilities, debts or obligations of the Debtors in any way whatsoever relating to or arising from the Debtors' ownership or use of the Purchased Assets prior to the consummation of the transactions contemplated by the Agreement, or any liabilities calculable by reference to the Debtors or their operations or the Purchased Assets, or relating to continuing or other conditions existing on or prior to consummation of the transactions contemplated by the Agreement, which liabilities, debts, and obligations are hereby extinguished solely insofar as they may give rise to liability, successor or otherwise, against Buyer or any affiliate or subsidiary of the Buyer as a result of any action taken in connection with the Sale.

16.    The Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the Agreement or any other Sale-related document. The automatic stay imposed by section 362 of the Bankruptcy



Code is modified to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order.

17.     Except as otherwise expressly provided in the Agreement or this Sale Order, upon the Closing Date, pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, the Debtors are authorized to (a) assume each of the Assumed Contracts and assign the Assumed Contracts, set forth in **Exhibit 2**, as it may be modified after the date hereof in accordance with the Agreement (the "**Assumed Contracts Exhibit**") attached hereto to the Buyer free and clear of all Encumbrances and (b) execute and deliver to the Buyer such documents or other instruments as may be reasonably requested by the Buyer to assign and transfer the Assumed Contracts to the Buyer.

18.     The Cure Costs listed on the Assumption and Assignment Notice and Assumed Contracts Exhibit are the sole amounts necessary to be paid upon assumption and assignment of the Assumed Contracts under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code.  Upon the payment of the Cure Costs, if any, the Assumed Contracts shall remain in full force and effect, and no default shall exist under the Assumed Contracts nor shall there exist any event or condition which, with the passage of time or giving of notice, or both, would constitute such a default.  The Cure Costs shall not be subject to further dispute or audit, including, without limitation, any based on performance prior to the Closing Date, irrespective of whether such Assumed Contract contains an audit clause.  After the payment of the Cure Costs by the Buyer (except with respect to the Initial Designated Contracts as set forth in the Agreement), following the Closing Date the Debtors shall have no further liabilities to the counterparties to the Assumed Contracts.



19.    In the event of a dispute as of, or after, the Closing Date regarding assumption and assignment or Cure Costs of any executory contract or unexpired lease proposed to be an Assumed Contract, the assumption and assignment of such executory contract or unexpired lease, and payment of any applicable Cure Costs, shall be made upon (a) the entry of an order of the Court resolving any such dispute and upon the election of the Buyer to retain such executory contract or unexpired lease as an Assumed Contract, or (b) the consensual resolution of such dispute as may be agreed by the Buyer and such counterparty and, solely with respect to disputes regarding Cure Costs, the Debtors.  ~~Any disputed Cure Amounts shall be held in escrow pending resolution of any objections to the Assumption and Assignment Notice by parties to the Assumed Contracts.~~  The Buyer shall designate all Assumed Contracts for assumption and assignment no later than the Closing Date.  The Buyer is not required to assume any of the Assumed Contracts.

20.    To the extent any non-Debtor party to an Assumed Contract has failed to timely object to a proposed Cure Cost, such Cure Cost has been and shall be deemed to be finally determined in the amount listed on the Assumption and Assignment Notice and Assumed Contracts Exhibit and any such non-Debtor party shall be prohibited from challenging, objecting to, or denying the validity and finality of the Cure Cost at any time~~.~~*; provided, however, that such non-Debtor parties shall not be barred from seeking additional amounts on account of any defaults occurring between the deadline to object to the Cure Cost set forth in the Assumption and Assignment Notice and the assumption of the Assumed Contract.* The non-Debtor party to an Assumed Contract is forever bound by the applicable Cure Cost and, upon payment of the Cure Cost as provided herein and in the Agreement, is hereby enjoined from taking any action against the Debtors or the Buyer with respect to any claim for cure under the Assumed Contract.



21.    Any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect.

22.    Any party that may have had the right to consent to the assignment of an Assumed Contract is deemed to have consented to such assignment, including for purposes of sections 365(c)(1)(B) and 365(e)(2)(A)(ii) of the Bankruptcy Code and otherwise, if such party failed to object to the assumption and assignment of such Assumed Contract.

23.    Each Assumed Contract constitutes an executory contract or unexpired lease under the Bankruptcy Code and all requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to the Buyer of the Assumed Contracts have been, or will be, satisfied.  Upon the Buyer's assumption of the Assumed Contracts in accordance with the terms hereof, in accordance with sections 363 and 365 of the Bankruptcy Code, (a) the Buyer shall be fully and irrevocably vested with all rights, title and interest of the Debtors under the Assumed Contracts, (b) the Buyer shall be deemed to be substituted for the applicable Debtor as a party to the applicable Assumed Contracts, and (c) the Debtors shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, from any further liability under the Assumed Contracts.

24.    The Buyer has demonstrated adequate assurance of future performance under the relevant Assumed Contracts within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.



25.     There shall be no rent accelerations, assignment fees, increases or any other fees charged to the Debtors or the Buyer as a result of the assumption and assignment of the Assumed Contracts.  Subject to the terms of the Agreement, the validity of the transactions contemplated by the Agreement, including, without limitation, the Sale transaction and the assumption and assignment of the Assumed Contracts, shall not be affected by any dispute between the Debtors and the non-Debtor party to an Assumed Contract regarding the payment of any amount.  Upon assignment to the Buyer, the Assumed Contracts shall be valid and binding, in full force and effect and enforceable by the Buyer in accordance with their respective terms.

26.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all counterparties to the Assumed Contracts are forever barred and permanently enjoined from raising or asserting against the Debtors or the Buyer any assignment fee, default, breach or claim of pecuniary loss, or condition to assignment, arising under or related to the Assumed Contracts existing as of and including the Closing Date under the Agreement or arising by reason of the consummation of the transactions contemplated by the Agreement, including, without limitation, the Sale transaction and the assumption and assignment of the Assumed Contracts.

27.     All counterparties to the Assumed Contracts shall cooperate and expeditiously execute and deliver, upon the reasonable requests of the Buyer, any instruments, applications, consents or other documents that may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers in connection with the Sale of the Purchased Assets.

28.     Notwithstanding anything to the contrary in this Sale Order, no Assumed Contract will be assumed and assigned to the Buyer until the Closing.



29.  <u>Provisions regarding the United States</u>. Notwithstanding any provision to the contrary in the Sale Motion, Bidding Procedures Order, the Cure Notice, this Order, or any implementing sale documents, nothing shall be deemed to: (1) authorize the assumption, sale, assignment or other transfer to the Buyer of any federal (i) grants, (ii) grant funds, (iii) contracts between the Debtors and the United States or its agencies, including but not limited to agreements, contracts, awards, and task orders, (iv) property, including but not limited to, any intellectual property and patents belonging to the United States or any of its agencies or components thereof, (v) leases, (vi) other interests belonging to the United States or its agencies (collectively, "**Federal Interests**") without compliance by the Debtors and the Buyer with all terms of the Federal Interests and with all applicable non-bankruptcy law; (2) be interpreted to set cure amounts or to require the government to novate, approve or otherwise consent to the sale, assumption, assignment or other transfer of any Federal Interests; (3) waive, alter or otherwise limit the United States' property rights, including without limitation, inventory, patents, intellectual property, licenses, and data; (4) affect the setoff or recoupment rights of any governmental unit (as defined in 11 U.S.C. § 101(27)); (5) authorize the sale, assumption, assignment or other transfer of any governmental unit's (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable requirements, obligations and approvals under non-bankruptcy laws; (6) release, nullify, preclude or enjoin the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the owner or operator of property after the date of entry of this Order; (7) confer exclusive jurisdiction to the Bankruptcy Court except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); (8) divest any tribunal of any jurisdiction it may have under police or



regulatory law ~~to interpret this Order or to adjudicate any defense asserted under this Order~~; or (9) expand the scope of section 525 of the Bankruptcy Code.

30.    This Sale Order shall be binding upon and shall govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Purchased Assets.

31.    ~~This~~ To the fullest extent permitted by applicable law, this Court retains and shall have exclusive jurisdiction to endorse and implement the terms and provisions of the Agreement, any amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer; (b) resolve any disputes arising under or related to the Agreement; (c) enforce the injunctions and releases contained within this Sale Order and (d) interpret, implement, and enforce the provisions of the Agreement and this Sale Order.

32.    The terms and provisions of the Agreement and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of the Debtors, the estates, and all parties in interest in these chapter 11 cases (including the Debtors' creditors and equity holders) (collectively, the "**Debtor Parties**"), the Buyer, and each of the Debtor Parties' and Buyer's



respective affiliates, members, officers, directors, successors and permitted assigns, and any affected third parties.

33.     The failure specifically to include any particular provisions of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, and the Agreement is, by this Sale Order, authorized and approved in its entirety.

34.     The Agreement and any related contract, document, or other instrument may be waived, modified, amended, or supplemented by agreement of the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further action or order of this Court; provided that any such waiver, modification, amendment, or supplement does not have a material adverse effect on the Debtors' Estate or any creditor or party in interest.

35.     From time to time, as and when requested by any Party, a Party to the Agreement shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other Party may reasonably deem necessary or desirable at no cost to such respective counter-Party to consummate the Sale and achieve Closing, or further perform the terms of the Agreement, including such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in the Buyer its right, title, and interest in and to the Assets.



**<u>EXHIBIT 1</u>**

**Agreement**

*[To Be Filed]*



# **EXHIBIT 2**

## **Assumed Contracts List**

*[To Be Filed]*

